Mark BONNER *v.* McKEE BAKING COMPANY, et al.

CA 89-21                                    776 S.W.2d 364

Court of Appeals of Arkansas
Division I
Opinion delivered September 13, 1989

*Laura McKinnon*, for appellant.

*Bassett Law Firm*, by: *Angela M. Doss* and *Curtis L. Nebben*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Workers' Compensation Commission. Appellant, Mark Bonner, appeals from a decision denying him coverage under the Workers' Compensation Act upon a finding that he did not sustain a hernia injury arising out of and in the course of his employment. We find error and reverse and remand.

On October 1, 1986, appellant was employed by appellee, McKee Baking Company, in a laborer's position requiring heavy lifting. On that day he reported an injury to his right groin area and was transported by the plant nurse to the company physician, Dr. Robert H. Weaver, who diagnosed his injury as a strained muscle. His injury did not improve and was later diagnosed as a right inguinal hernia by another physician to whom appellant was referred by Dr. Weaver. Appellant filed a claim for his hernia injury and the case proceeded to a hearing before the administrative law judge on March 18, 1987, who denied benefits upon the basis that appellant's hernia was not a work related injury. Appellant appealed that decision to the full Commission which affirmed the decision of the administrative law judge on September 8, 1988, finding that appellant failed to establish that the occurrence of his hernia immediately followed as a result of sudden effort or severe strain as required by Arkansas Code Annotated Section 11-9-523(a) (1987). As his only point for reversal appellant argues there is no substantial evidence to support a finding that the claimant failed to prove each and every requirement of Arkansas Code Annotated Section 11-9-523(a) by a preponderance of the evidence.

Arkansas Code Annotated Section 11-9-523(a) (1987) sets out five essential elements which must be present for a hernia to be compensable:

> (1) That the occurrence of the hernia immediately followed as a result of sudden effort, severe strain, or the application of force directly to the abdominal wall;

(2) That there was severe pain in the hernial region;

(3) That the pain caused the employee to cease work immediately;

(4) That notice of the occurrence was given to the employer within forty-eight (48) hours thereafter;

(5) That the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within seventy-two (72) hours after the occurrence.

The Commission denied coverage to appellant for failure of proof on subsection (1) above; however, its finding of fact on that element is in direct opposition to its finding of fact that there was compliance with subsection (3) above. With regard to this issue, the Commission's opinion states as follows:

Bonner's testimony that he suffered from severe pain in the hernial region is credible, and we therefore find that the second subsection is satisfied. The third subsection is satisfied by his credible testimony that he thought the pain to be stomach cramps and went to the men's room to relieve himself before resuming work. The cessation of work need not be lengthy or continuous, so long as it immediately follows the experience of pain. *Osceola Foods, Inc.* v. *Andrew*, 14 Ark. App. 95, 685 S.W.2d 813 (1985).

Although Bonner testified at the hearing that he first felt pain while lifting a barrel, he told both the company nurse and the physician who treated him that the first time he felt pain was in the restroom. Since the preponderance of the evidence is that arising from the toilet is what triggered Bonner's pain, the question is whether arising from a toilet constitutes "sudden effort" or severe stain" required by subsection 1 (there being no contention that force was applied). All the cases have involved lifting heavy objects or reaching overhead, and we simply are not convinced that lifting oneself off a toilet seat is the type of effort or strain contemplated by the legislature when it enacted this statute. Since it is necessary to satisfy all 5 subsections of the statute in order to prevail, our finding that the hernia did not immediately follow a sudden effort

or severe strain is dispositive of the case.

■ The above excerpt from the Commission's opinion reveals that there are two inconsistent findings of fact going to essential elements pertaining to proof of appellant's claim. The Commission must apply consistent findings of fact in considering each of the five essential elements a claimant must prove to be entitled to hernia compensation. Here, the Commission has not done so. First, the Commission found compliance with the cessation of work requirement of element 3 upon finding that appellant felt pain first and then went to the toilet. Next, the Commission found noncompliance with the requirement that the hernia follow as a result of sudden effort or severe strain as required by subsection 1 upon finding that appellant's pain first occurred as he was "arising from the toilet." The Commission's findings in this regard are irreconcilable.

■ When compensation is denied, findings sufficient to justify such denial must be made by the Commission. *Wright* v. *American Transp.*, 18 Ark. App. 18, 709 S.W.2d 107 (1986). Here, the Commission erred in premising its denial of coverage to appellant upon two inconsistent findings of fact going to essential elements of appellant's claim for hernia compensation. Accordingly, that decision is reversed and this matter is remanded.

■■ Additionally, appellee sought an award of costs for supplementing the abstract with the Commission's opinion and that of the administrative law judge because appellant failed to do so in compliance with Rules 9(b) and (d) of the Arkansas Supreme Court and Court of Appeals. We are authorized pursuant to Rule 9(e)(1) to grant costs to an appellee who supplements an appellant's abstract he considers deficient for failure to provide an impartial condensation of those matters of record which are necessary to an understanding of the questions presented on appeal. Here, although appellant's argument on appeal is that the findings and conclusions of the Commission are not supported by substantial evidence, he failed to abstract the very opinion upon which his argument is premised. Appellee's supplemental abstract provides us with this essential information; therefore, we grant his request for costs upon appellee's providing cost information as required by Arkansas Supreme Court and Court of Appeals Rule 9(e)(1). Accordingly, we

reverse and remand for the Commission to make new findings of fact and conclusions of law that are internally consistent. Either party aggrieved by the Commission's decision may then file a new notice of appeal.

Reversed and remanded.

CRACRAFT and JENNINGS, JJ., agree.