AETNA INSURANCE COMPANY *v.* Billy Joe DUNLAP, et al.

CA 85-100                                          696 S.W.2d 771

Court of Appeals of Arkansas
Division II
Opinion delivered October 2, 1985

*Friday, Eldredge & Clark*, by: *Laura A. Hensley* and *C. Tab Turner*, for appellant.

*John E. Matthews*, for appellee, Dunlap.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellee, Royal Ins. Co.

DONALD L. CORBIN, Judge. On August 21, 1974, claimant and appellee, Billy Joe Dunlap, suffered a compensable injury to his back while employed by appellee Coca-Cola Bottling Company. Appellee Royal Insurance was the Workers' Compensation insurance carrier and paid compensation to claimant until April 23, 1982, based upon a 20% disability rating by claimant's physician Dr. John Lohstoeter, an orthopedic surgeon. In 1980, appellant, Aetna Insurance Company, became the Workers' Compensation carrier for the employer, Coca-Cola Bottling Company. On May 7, 1982, claimant reported an incident that involved a pain to his back when he stepped on a support to put an eight-pound bag of bottle crowns into a filler at the Coca-Cola Bottling Company. Claimant was hospitalized in May 1982 by his physician, Dr. Lohstoeter, for testing purposes to ascertain the current status of his back.

The Administrative Law Judge ruled that the episode of May 7, 1982, was a natural and probable result of the first injury and not precipitated by an independent intervening cause, i.e., a recurrence of the 1974 injury, and placed the sole responsibility for compensation upon Royal. The Workers' Compensation Commission reversed the ALJ's decision, declining to categorize the 1982 episode as either a recurrence or an aggravation of a preexisting condition. The Commission applied the doctrine of apportionment ordering Royal and Aetna to each pay one-half of claimant's medical and related expenses together with maximum attorneys fees because of their total controversion of the claim. We reverse and remand.

Arkansas cases have followed the rule that all of the logical consequences flowing from an initial injury are the responsibility of the carrier at the time of the initial incident. Where the second complication is a natural and probable result of the first injury it is deemed a recurrence and the original carrier

remains liable. Only where it is found that a second episode has resulted from an independent intervening cause is liability imposed upon the second carrier. *Burks, Inc. v. Blanchard*, 259 Ark. 76, 531 S.W.2d 465 (1976), *Calion Lumber Co. v. Goff*, 14 Ark. App. 18, 684 S.W.2d 272 (1985), *Bearden Lumber Co. v. Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983). These cases clearly indicate that application of the doctrine of apportionment requires a finding that there was a second episode resulting from an independent intervening cause. In the case at bar the Commission failed to make clear whether that prerequisite was satisfied. The Commission stated in its opinion:

All of the Arkansas cases involving the recurrence-aggravation question have been examined in the light of the evidence in this case and it is frankly impossible to place this claimant's second back injury occurring on May 7, 1982, into one or the other of these categories with any logical certainty. Equally persuasive arguments can be and have been made by the parties in this case to characterize claimant's May 7, 1982, injury a recurrence of his earlier injury, resulting in exclusive liability for Royal. To classify claimant's 1982 injury would involve a high degree of arbitrariness and artificiality. Therefore, we decline to call it either.

Instead, we choose to apply the doctrine of apportionment among successive employers, or insurance carriers, which rule has been sanctioned several times by the Arkansas Supreme Court. See, *e.g.*, *Employer's Casualty Co. v. United States Fidelity & Guarantee Co.*, 214 Ark. 40, 214 S.W.2d 774 (1948); *Tri State Insurance Company v. Employers Mutual Insurance Company*, 254 Ark. 944, 497 S.W.2d 39 (1973); *Browning's Restaurant v. Kuykendall*, 263 Ark. 374, 565 S.W.2d 33 (1978). This rule of apportionment is also endorsed and discussed in Larson, *Workmen's Compensation Law* § 95.31 (1984). This doctrine, essentially equitable in nature, may be applied ". . . whenever disability results from the cumulative effect of successive and repeated 'accidental injuries' suffered in the same employment, some of which occurred during the periods of coverage of each of two or more carriers." *Tri State Insurance Company v. Employers*

*Mutual Liability Insurance Company, supra.* In the instant claim we find that claimant's disability has resulted from the cumulative effect of successive injuries suffered in the same employment and when different insurance carriers provided coverage.

The Commission then apportioned the compensation liability equally between Aetna and Royal.

█ Larson's treatise on Workmen's Compensation § 95.31, cited by the Commission, specifically states apportionment is proper "where a preexisting disease or anomaly is accelerated or aggravated by an industrial accident." In the case where an acceleration is found "the employer or insurer is liable for only the degree of acceleration or aggravation attributable to the accident." Larson, *supra.*

The ruling of the Commission makes it unclear whether an independent intervening injury was found. The Commission declined to determine whether there was a recurrence or an aggravation while at the same time applied the doctrine of apportionment on the basis of a finding that there were "successive injuries suffered in the same employment and when different insurance carriers provided coverage." Were this ruling affirmed the case law in this area would be confused. The Court of Appeals has already addressed this problem in *Bearden, supra.* In *Bearden* this Court held:

> We conclude that in all of our cases in which a second period of medical complications follows an acknowledged compensable injury we have applied the test set forth in *Williams*—that where the second complication is found to be a natural and probable result of the first injury, the employer remains liable. Only where it is found that the second episode has resulted from an independent intervening cause is that liability affected. While there may be some variance in the words used to describe the principle, there has been no departure from the basis test, i.e., whether there is a causal connection between the two episodes. (cites omitted)

In *Bearden* the Court went on to discuss the terminology used in the cases. The Court concluded that, although the causal relation

test was the only test, different terms were used in the cases to apply the test. However, in all cases the test is the same: Is the second episode a natural and probable result of the first injury or was it precipitated by an independent intervening cause? We think that the Commission's ruling confuses this issue and we therefore reverse and remand on this point for further findings of fact consistent with this holding.

The appellant argues that there is no substantial evidence to support the Full Commission's reversal of the Administrative Law Judge's finding that claimant did suffer a recurrence of his original injury. We need not address this issue because the case is being remanded to the Commission with orders to clarify its determination on this point.

We agree with the Commission's finding that the entire claim was controverted and that claimant's attorney is entitled to the maximum attorney's fee. However, the determination of which carrier or carriers will be responsible for the maximum attorney's fee will have to be made by the Commission upon remand. *See, Aluminum Co. of America v. Henning*, 260 Ark. 699, 543 S.W.2d 480 (1976).

Reversed and remanded.

COOPER, J., agrees.

GLAZE, J., concurs.