Hurmer Lee WRIGHT *v.* AMERICAN
TRANSPORTATION, Employer, and FRED S. JAMES &
COMPANY, Carrier

CA 85-404                                709 S.W.2d 107

Court of Appeals of Arkansas
Division I
Opinion delivered May 14, 1986

*Jones, Tiller & Walker Law Firm*, by: *Marquis E. Jones*, for appellant.

*Matthews & Sanders*, by: *Gail O. Matthews* and *Marci L. Talbot*, for appellee.

ERNIE E. WRIGHT, Special Judge. Appellant, Hurmer Lee Wright, appeals from a decision of the Workers' Compensation Commission denying her claim for additional medical and temporary total disability benefits.

For reversal appellant argues the Commission erred in its application of the law.

She became disabled on July 18, 1983, while working for her employer cleaning the inside of a bus in preparation for painting. She described the occurrence as her back popping when she raised up from a stooped position, and this was followed by the onset of pain extending from her back down into her leg. She had to discontinue work, was driven by ambulance to her car, and required assistance in getting into her car. She managed to drive home and required assistance getting out of her car and into her home.

Subsequent medical examinations revealed a bulge between lumbar vertebrae 4 and 5, muscle spasms and extreme tenderness over the sacroiliac joint. She has been treated by three different doctors including a neurosurgeon and an orthopedic surgeon and has not worked since the incident occurred on July 18, 1983. She has never been released for work and there is no medical evidence that she has been able to work since July 18, 1983. The employer paid medical benefits and temporary total disability benefits from the date of the injury through March 12, 1984, but has denied she is entitled to additional benefits.

There was undisputed evidence appellant had never experienced problems with her back prior to the date of the work incident on July 18, 1983. Subsequent medical examinations revealed the existence of degenerative changes in the spine predating the work incident.

Following trial before the administrative law judge the deposition of Dr. Austin Grimes, an orthopedic surgeon, was taken and received in the record. The administrative law judge thereafter rendered his opinion in which he stated: "Claimant has failed to prove by the preponderance of the evidence that she is entitled to additional benefits." By way of conclusion he stated:

> I believe it clear that the claimant has failed to prove by a preponderance of the evidence that she is entitled to additional benefits, for any injury which might have been occasioned by an incident in July 1983.

On appeal from the decision of the administrative law judge, the decision of the Commission recited:

> We specifically find that claimant has failed to prove her claim by a preponderance of the evidence. It is our opinion that the decision of the administrative law judge is supported by a preponderance of the evidence, correctly applies the law and should be affirmed.

■ The record contains no finding as to whether a compensable injury actually occurred on the job, or whether claimant became disabled, or whether she required further medical services, or whether a job-related injury aggravated a preexisting latent spinal disease. There was a finding, pursuant to stipulations, that appellant was in the employ of appellee on July 18, 1983, and that her earnings were sufficient to qualify for maximum compensation. Absent any findings of essential additional facts, this court is not in a position to make a meaningful review of the decision of the Commission. In *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979), the court said: "We do not deem a full recitation of the evidence to be required, so long as the commission's findings include a statement of those facts the commission finds to be established by the evidence in sufficient detail that the truth or falsity of each material allegation may be demonstrated from the findings . . . ."

Larson, *Workmen's Compensation Law* (1983), § 80.13, points out that if findings and supporting evidence are not set out in the record of the Workers' Compensation Commission, when the cause comes before the court for review, the review function

becomes meaningless. Larson further states, "The right to find the facts carries with it a duty to find the facts."

In *DeVore* v. *Maidt Plastering Co.*, 205 Okla. 612, 239 P.2d 520 (1952), the Commission's decision for review stated: "The evidence is insufficient to show that the claimant sustained an accidental personal injury arising out of and in the course of his employment with this respondent on the date alleged in his claim." In commenting on the reversal and remand of the case for insufficient findings, Larson, *Workmen's Compensation Law* (1983), § 80.13, states:

> The reviewing court in effect said: 'What are we supposed to make of this? How can we possibly tell on what view of the facts or theories of law the denial was based? Was it lack of evidence of the facts themselves? Was it lack of accident? Was it failure to show "arising" or "course" . . . or what?'

The cause was remanded with directions that the Commission should make relevant findings.

In *Whispering Pines Home for Senior Citizens* v. *Nicalek*, 48 Ind. Dec. 568, 333 N.E.2d 324 (1975), the court stated:

> Once again, therefore, we attempt to tell the Board what a satisfactory specific finding of fact is.
>
> It is a simple, straightforward statement of what happened. A statement of what the Board finds has happened; not a statement that a witness, or witnesses, testified thus and so. It is stated in sufficient *relevant* detail to make it mentally graphic, i.e., it enables the reader to picture in his mind's eye what happened. And when the reader is a reviewing court the statement must contain all the specific facts relevant to the contested issue or issues so that the court may determine whether the Board has resolved those issues in conformity with the law.

The mere statement of a belief is not a proper finding. 100 C.J.S., Workmen's Compensation § 630(d), states: "An expression of a belief has no place in a finding; it is not the equivalent of a finding of fact, and must be disregarded." Also,

see 82 Am.Jur.2d Workmen's Compensation § 558.

■■ A claimant is entitled to know the factual findings upon which his claim is denied. In 100 C.J.S. 910, Workmen's Compensation § 629, it is stated: "When compensation is denied, findings sufficient to justify such denial must be made." It is noted in the case now before us for review the administrative law judge in his opinion which was adopted by the Commission simply states, "I believe it clear that the claimant has failed to prove by a preponderance of the evidence that she is entitled to additional benefits . . . ." This general statement of *belief* does not constitute such a finding as enables this court to make a meaningful review of the case and a determination of whether or not the law was or was not properly applied by the Commission.

The Commission made no findings as to whether appellant sustained a compensable injury, or when the healing period ended if there was a compensable injury, or whether she was disabled at the time of the hearing, and if so, what was the cause of the disability. We are simply unable to tell from the record upon what factual basis the claim was denied. Therefore, we are unable to tell whether the Commission erred in its application of the law.

When the Commission fails to make specific findings upon which it relies to support its decision, reversal and remand of the case is appropriate. *The Home Insurance Company* v. *Meeker*, 9 Ark. App. 201, 657 S.W.2d 215 (1983). Accordingly, we reverse and remand.

CRACRAFT, C.J., and CORBIN, J., agree.