Gailann JONES *v.* TYSON FOODS, INC.

CA 88-121                                    759 S.W.2d 578

Court of Appeals of Arkansas
Division II
Opinion delivered November 9, 1988

*Jay N. Tolley*, for appellant.

*Bassett Law Firm*, by: *Curtis L. Nebben* and *Gary V. Weeks*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a decision of the Arkansas Workers' Compensation Commission denying appellant's claim for benefits. The Commission's opinion, dated October 26, 1987, concludes as follows:

> We have carefully reviewed the entire record herein and after according the claimant the benefit of liberal construction to which she is entitled, we specifically find that the claimant failed to meet her burden of proof by a preponderance of the *credible* evidence of record. Accordingly, the Administrative Law Judge's opinion filed herein on February 9, 1987, is hereby affirmed and this claim is hereby respectfully denied and dismissed. [Emphasis in the original.]

On appeal to this court, the appellant's first point is: "The Commission erred as a matter of law in not making sufficient findings of fact and in failing to specifically adopt any findings of its A.L.J."

It is well established that it is the duty of the Commission to make findings according to a preponderance of the evidence and not whether there is any substantial evidence to support the ruling of the administrative law judge. *Moss* v. *El Dorado Drilling Co.*, 237 Ark. 80, 81, 371 S.W.2d 528 (1963); *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 495, 579 S.W.2d 360 (1979); *Jones* v. *Scheduled Skyways, Inc.*, 1 Ark. App. 44, 46, 612 S.W.2d 333 (1981); *Dedmon* v. *Dillard Department Stores, Inc.*, 3 Ark. App. 108, 111, 623 S.W.2d 207 (1981). It is also well established that the findings of the law judge are given "no weight whatsoever" on appeal. *Clark* v. *Peabody Testing Service*, 265 Ark. at 495; *Lane Poultry Farms* v. *Wagoner*, 248 Ark. 661, 662, 453 S.W.2d 43 (1970); *Oller* v. *Champion Parts Rebuilders*, 5 Ark. App. 307, 310, 635 S.W.2d 276 (1982). It has also been held that the right to find the facts carries with it a duty to find the facts. *Wright* v. *American

*Transportation*, 18 Ark. App. 18, 21, 709 S.W.2d 107 (1986). In *Wright*, we said a claimant is entitled to know the factual basis upon which his claim is denied, 18 Ark. App. at 22, and absent such findings, the appellate court is not in a position to make a meaningful review of the decision of the Commission, 18 Ark. App. at 20. *See also McCoy* v. *Preston Logging*, 21 Ark. App. 68, 74, 728 S.W.2d 520 (1987).

■ In the instant case, it is clear that the decision of the Commission, which we quoted above, does not make specific findings which we can review. It is surprisingly similar to the decision made by the Commission in *Wright*. We reversed and remanded that decision, and we must reverse and remand the decision in this case. We are simply unable to determine what the Commission found to be the facts or what evidence the Commission found not credible.

The appellee suggests that *St. Vincent Infirmary* v. *Carpenter*, 268 Ark. 951, 597 S.W.2d 126 (Ark. App. 1980), holds that, where the finding of an administrative law judge is supported by substantial evidence, the Court of Appeals will affirm the findings on appeal. We do not agree. There we said: "The opinion of the administrative law judge was adopted by the Commission, and it reflects a finding claimant sustained an accidental injury . . . ." Thus, it was the Commission's finding that we affirmed; however, in the instant case, the Commission affirmed but did not *adopt* the administrative law judge's decision.

Therefore, we reverse the Commission's decision and remand this matter for a new decision based upon findings of fact set out in sufficient detail that a meaningful review may be made of those findings.

Reversed and remanded.

CORBIN, C.J., and CRACRAFT, J., agree.