Sharon BELCHER *v.* HOLIDAY INN and American Motorist Insurance Company

CA 92-1332                                        868 S.W.2d 87

Court of Appeals of Arkansas
Division I
Opinion delivered October 13, 1993

*Walker Law Firm*, by: *Eddie H. Walker, Jr.*, and *James A. Lockhart*, for appellant.

*Jones, Gilbreath, Jackson & Moll*, by: *Charles R. Garner, Jr.*, for appellee.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case sustained a work-related injury while employed as a housekeeper for Holiday Inn on September 11, 1987. She received temporary total disability benefits and was released to return to work in March 1988. At that time, her treating physician assessed a five percent permanent impairment rating. She then returned to work for Holiday Inn until July 1989, when she was terminated for reasons unrelated to her injury. She then obtained employment with the Brownwood Life Care Center where she worked for approximately eight months. After obtaining additional treatment for her back injury, she filed a claim for benefits contending that she was entitled to payment for the additional medical treatment, that she suffered permanent physical impairment equal to eight percent to the body as a whole, and that she was entitled to benefits for a loss in wage earning capacity. The Commission found that the appellant was entitled to payment for the additional medical treatment and that she sustained a permanent physical impairment equal to eight percent to the body as a whole, but concluded that the appellant was barred from receiving benefits for a loss in wage earning capacity pursuant to Ark. Code Ann. § 11-9-522(b) (1987). From that decision, comes this appeal.

For reversal, the appellant contends that the Commission erred in holding that Ark. Code Ann. § 11-9-522(b) bars her from receiving benefits for loss of wage earning capacity.[1] We agree, and we reverse and remand.

Arkansas Code Annotated § 11-9-522(b) provides that:

> In considering claims for permanent partial disability benefits in excess of the employee's percentage of permanent physical impairment, the commission may take into account, in addition to the percentage of permanent physical impairment, such factors as the employee's age, education, work experience, and other matters reasonably expected to affect his future earning capacity. *However, so long as an employee, subsequent to his injury, has returned to work, has obtained other employment, or has*

---

[1] The appellant does not argue, and we do not address, the application of § 11-9-522(c) to this case.

> *a bona fide and reasonably obtainable offer to be em-*
> *ployed at wages equal to or greater than his average*
> *weekly wage at the time of the accident, he shall not be*
> *entitled to permanent partial disability benefits in excess*
> *of the percentage of permanent physical impairment*
> *established by a preponderance of the medical testimony*
> *and evidence.*

[Emphasis added]. The essence of the Commission's decision with respect to this subsection is that a claimant who has once returned to work at equal or greater wages is permanently barred from receiving benefits for a loss in wage earning capacity, even should her subsequent employment cease, unless the claimant is terminated for reasons relating to her compensable injury. We find that this interpretation of the statutory language was erroneous.

Ambiguities and conflicting interpretations of workers' compensation statutes must be resolved in favor of the claimant. *Noggle* v. *Arkansas Valley Electric Co-op.*, 31 Ark. App. 104, 788 S.W.2d 497 (1990). This is in keeping with the remedial purposes of the Workers' Compensation Act. *Reeder* v. *Rheem Mfg. Co.*, 38 Ark. App. 248, 832 S.W.2d 505 (1992).

In the case at bar, the statute prohibits a claimant from receiving wage-loss disability "so long as" the claimant has returned to work, obtained other employment, or had a bona fide and reasonable offer of employment. The principal definition of the term "so long as" is "during and up to the end of the time that." *Webster's New Collegiate Dictionary* 1098 (1979). We indicated that our interpretation of the statute was in keeping with the concept of limitation expressed by this definition in *Cook* v. *Aluminum Co. of America*, 35 Ark. App. 16, 811 S.W.2d 329 (1991), when we analyzed the sufficiency of a similar claim on the basis of whether there was evidence to show that the claimant was employed and making equal or greater wages *at the time of the hearing. Cook*, 811 S.W.2d at 333. Furthermore, as the appellant notes, the intent of the legislature to impose a bar on wage-loss benefits conditioned on continued employment or offer of employment, rather than a permanent bar, is implied by the provision for reconsideration based on changed circumstances found in Ark. Code Ann. § 11-9-522(d).

■ Interpreting the statute in light of the remedial and beneficent purposes of the Act, we conclude that § 11-9-522(b) precludes a claim for wage loss benefits as a matter of law only during such time as the claimant has returned to work, obtained other employment, or has a bona fide and reasonably obtainable offer to be employed at wages equal to or greater than her average weekly wage at the time of the accident. Because the Commission's interpretation of the statute was in error, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

ROBBINS and MAYFIELD, JJ., agree.