A. G. WELDON *v.* PIERCE BROTHERS
CONSTRUCTION, Employers Mutual Casualty Co., and
Second Injury Fund

CA 95-853                                                925 S.W.2d 179

Court of Appeals of Arkansas
En Banc
Opinion delivered July 3, 1996

*James F. Lane*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Jim Tilley* and *Julia Busfield*, for appellees.

JOHN F. STROUD, JR., Judge. In August 1989, A. G. Weldon

suffered compensable injuries when he was rear-ended in a company van owned by Voss Heating and Air Conditioning. He received medical treatment and in 1990 underwent lumbar surgery, resulting in restrictions on lifting and preventing a return to his job with Voss. He was rated with a ten percent permanent impairment rating in 1991. Two months later he began working for Pierce Brothers Construction. He was pulling electrical wires through a conduit on September 4, 1991, when he suffered a second back injury. That injury is the subject of Mr. Weldon's appeal to this court. He contends that the Workers' Compensation Commission erred 1) in finding that his September 4, 1991, injury was a recurrence of the August 28, 1989, injury; and 2) in denying his wage loss claim. We affirm.

Appellant did not work after his 1991 injury until March 1992, when he became a gate guard for T and T Security in Poteet, Texas. He quit that job in November 1991 because of his back problems. In December 1993 he began running a computer and maintaining inventory records for Compton's Air Conditioning and Heating in Kerrville, Texas. Because he had no medical insurance, he arranged with his employer to be paid a wage which would not disqualify him from receiving social security and Medicare benefits. He was employed by Compton's in June 1994 when a hearing was held before the administrative law judge on the compensability of the injury Mr. Weldon suffered in 1991 while working for Pierce Brothers.

The Workers' Compensation Commission explained the findings of the law judge by stating: "The Administrative Law Judge held that claimant is entitled to an additional four percent permanent anatomical impairment rating for an overall permanent partial disability of 30 percent and that the Second Injury Fund is liable for the amount of 16 percent." The Workers' Compensation Commission reversed the decision, finding that the determination of the ALJ was not supported by a preponderance of the evidence. The Commission stated:

> A preponderance of the credible evidence indicates that the alleged incident that occurred in 1991 was a recurrence of his 1989 injury. Thus, the Second Injury Fund is not liable. Furthermore, there is insufficient evidence of an increase [sic] disability to hold respondent employer liable [for] any additional benefits. Therefore, we reverse the decision of the

Administrative Law Judge.

> Furthermore . . . a review of the evidence indicates that claimant has set himself up to earn less than [minimum] wage so that he can continue to receive $632 per month in social security benefits. While claimant should be commended for returning to work, claimant should not receive wage loss compensation where he is deliberately contributing to his loss of wage earning capacity. Therefore, we reverse the decision of the Administrative Law Judge.

Appellant's first point is that the Commission erred in finding that the 1991 injury was a recurrence of his 1989 injury. He contends that there were no facts before the Commission from which reasonable minds could have concluded that this was a recurrence rather than an aggravation or a new injury. He points out that nowhere in the testimony or medical records does the term "recurrence" appear, and he has abstracted use of the term "aggravation" by the doctor who performed his surgery.

■■ In determining the sufficiency of the evidence to sustain the findings of the Workers' Compensation Commission, the appellate court reviews the evidence in the light most favorable to the Commission's findings and affirms if they are supported by substantial evidence. *Grimes* v. *North American Foundry*, 42 Ark. App. 137, 856 S.W.2d 309 (1993). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *City of Fort Smith* v. *Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). The Court of Appeals does not reverse a decision of the Commission unless it is convinced that fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission. *Wilmond* v. *Allen Canning Co.*, 38 Ark. App. 105, 828 S.W.2d 868 (1992). A recurrence exists when the second complication is a natural and probable consequence of a prior injury. *Aetna Insurance Co.* v. *Dunlap*, 16 Ark. App. 51, 696 S.W. 2d 771 (1985). Only where it is found that a second episode has resulted from an independent intervening cause is liability imposed upon the second carrier. *Id*.

■ The Commission need not base a decision on how the medical profession may characterize a given condition, but rather primarily on factors germane to the purposes of workers' compensation law. *Tyson Foods, Inc.* v. *Watkins*, 31 Ark. App. 230, 792

S.W.2d 348 (1990). As our supreme court has stated:

> The Commission has never been limited to medical evidence only in arriving at its decision as to the amount or extent of a claimant's injury. Rather, we wrote that the Commission should consider all competent evidence, including medical, as well as lay testimony and the testimony of the claimant himself. Further . . . while medical opinions are admissible and frequently helpful in workers' compensation cases, they are not conclusive.

*Wade* v. *Mr. C. Cavenaugh's*, 298 Ark. 363, 298 S.W.2d 521 (1989) (citations omitted). In fact, it is the duty of the Workers' Compensation Commission to translate the evidence on all issues before it into findings of fact. *Johnson* v. *General Dynamics*, 46 Ark. App. 188, 878 S.W.2d 411 (1994). The specialization and experience of the Commission make it better equipped than this court to analyze and translate evidence into findings of fact. *Second Injury Fund* v. *Robison*, 22 Ark. App. 157, 737 S.W.2D 162 (1987).

■ Appellant's first point of appeal is that the Commission erred in finding that the 1991 injury was a recurrence of the 1989 injury or the resulting surgery. There was evidence presented at the hearing, however, that appellant had been neither pain free nor without back difficulties after the 1989 accident. His orthopedic surgeon testified that he had assessed appellant's condition after the 1991 injury as strained ligaments and possible flare-up of an epidural scar, and that there were no new restrictions or limitations on appellant's activities from the time he was released after surgery until the last time the surgeon saw him in 1992. Appellant testified that after surgery he was never again one-hundred percent. Appellant's housemate testified that his pain had not gone away nor had he been without problems after the surgery, and that he had never regained his strength and stamina after the 1989 accident. We hold that substantial evidence supports the Commission's finding that the 1991 incident was a recurrence of the 1989 injury rather than an aggravation as contended by appellant.

Appellant's second point of appeal is that the Commission erred in denying his wage loss claim. Wage loss is a component of permanent partial disability benefits under Ark. Code Ann. § 11-9-502(b). A claimant may receive permanent partial disability benefits to the extent that his disability exceeds his percentage of physical

impairment. *Id.* In response to appellant's claim for additional permanent partial disability benefits, the Commission found "there is insufficient evidence of an increase [sic] disability to hold respondent employer liable of [sic] any additional benefits."

█ In this case, appellant failed to prove that either his degree of permanent physical impairment or his degree of permanent partial disability increased as a result of his recurrence. Therefore, any wage-loss appellant has suffered is a result of his 1989 injury and not his 1991 recurrence. Thus, the Commission's finding that he is not entitled to wage-loss disability is affirmed.

Because we uphold the Commission's finding that appellant sustained a recurrence of his 1989 injury and suffered no additional impairment or disability as a result of that recurrence, we do not address his argument that the Commission erred in considering his deliberate suppression of his wages in determining whether he was entitled to wage-loss disability.

Affirmed.

COOPER, ROBBINS, ROGERS, and NEAL, JJ., agree.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. The appellant-claimant in this workers' compensation case sustained a severe injury to his lower back and neck in a work-related automobile accident when he was rear-ended on August 28, 1989, while employed by Voss Air Conditioning. Eventually surgical intervention was required on appellant's lower back, and he finally joint-petitioned the claim for over $12,000. On September 4, 1991, while working for appellee Pierce Brothers Construction, appellant again hurt his back. He suffered a ligamentous strain and stretching of scar tissue. He filed this claim and the administrative law judge held he was entitled to a 30 percent permanent partial disability. He held Pierce Brothers liable for a 4 percent permanent physical impairment and the Second Injury Fund responsible for a 16 percent permanent partial disability. He also awarded medical benefits and attorney's fees.

The Commission reversed and made the following findings:

A preponderance of the credible evidence indicates that the alleged incident that occurred in 1991 was a recurrence of the 1989 injury. Thus, the Second Injury Fund is not liable.

Furthermore, there is insufficient evidence of an increase [sic] disability to hold respondent employer liable [for] any additional benefits. Therefore, we reverse the decision of the Administrative Law Judge.

Furthermore, it should be noted that claimant is presently working. Although claimant contends that he is entitled to wage loss, a review of the evidence indicates that claimant has set himself up to earn less than minimal wage so that he can continue to receive $632 per month in social security benefits. While claimant should be commended for returning to work, claimant should not receive wage loss compensation where he is deliberately contributing to his loss of wage earning capacity. Therefore, we reverse the decision of the Administrative Law Judge.

I think we should reverse and remand because the Commission's opinion does not make sufficient findings that will allow us to conduct a meaningful review of the decision made. I will point out the problems in that regard, but want to first cite some authority for the rule that requires sufficient findings.

In *Clark v. Peabody Testing Service*, 265 Ark. 489, 507, 579 S.W.2d 360, 369 (1979), the Arkansas Supreme Court said: "We do not deem a full recitation of the evidence to be required, so long as the commission's findings include a statement of those facts the commission finds to be established by the evidence in sufficient detail that . . . the reviewing court may perform its function to determine whether the commission's findings as to the existence or non-existence of the essential facts are or are not supported by the evidence."

And in *Cagle Fabricating and Steel, Inc. v. Patterson*, 309 Ark. 365, 369, 830 S.W.2d 857, 859 (1992), the court cited *Jones v. Tyson Foods, Inc.*, 26 Ark. App. 51, 759 S.W.2d 578 (1988), and said that case "held that the Commission's decision did not make specific findings that an appellate court could review." The Arkansas Supreme Court then said the Commission's language in *Cagle* was "similar to that used in *Jones* in that it is conclusory and does not detail or analyze the facts upon which it is based."

*See also Wright v. American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986); *Hardin v. Southern Compress Co.*, 34 Ark. App. 208, 810 S.W.2d 501 (1991); and *Cook v. Alcoa*, 35 Ark. App. 16,

20-21, 811 S.W.2d 329, 332 (1991), where we said, "In appeals from the Commission, we cannot indulge the presumption used in appeals from trial courts . . . that even if the court is correct for the wrong reason, we will affirm if the judgment is correct."

In the instant case, the injury sustained by the appellant in 1989 while employed by Voss Air Conditioning had been joint-petitioned, so if the 1991 incident, which occurred while working for Pierce Brothers, was a recurrence of the 1989 injury — as the Commission found — then Voss would not be liable because of the joint-petition settlement, and the Second Injury Fund would not be liable because there was no second injury to cause that liability to "kick in." Thus, I wonder why the Commission holds "there is insufficient evidence of an increase [sic] disability to hold respondent employer liable [for] any additional benefits." There is only one employer who is a party in this case — Pierce Brothers Construction — and if the incident which occurred while appellant was working for that employer was a recurrence and not an aggravation — or new injury — then Pierce was clearly not liable, *Bearden Lumber Co. v. Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983), and the Commission's finding of "insufficient evidence of an increase disability" to hold Pierce liable is indeed a mysterious finding. Of course, if we were free to indulge in the presumption used when reviewing appeals from trial courts, we could probably square the uneven findings, but that is not our role in appeals from the Commission, and we should remand when the language used by the Commission is not sufficient for us to make a meaningful review of the Commission's decision.

In addition, the last paragraph of the Commission's decision concerns wage-loss disability in regard to appellant's acceptance of a wage which was less than he could earn. Again, if the 1991 injury was a recurrence of the 1989 injury, then there can be no liability on the 1991 employer for the 1989 injury because there would be no liability on the 1991 employer for wage-loss disability caused solely by the 1989 injury. But if the Commission is actually adjudicating wage-loss disability in this case, I think the finding that the appellant is not entitled to it because "he is deliberately contributing to his loss of wage earning capacity" overlooks the provisions of Ark. Code Ann. § 11-9-522 (Repl. 1996), which provides in subsection (b) that if an injured employee has returned to work at wages equal to or greater than his average weekly wage at the time

of the injury, he shall not be entitled to a wage-loss disability in addition to his physical impairment rating; however, as provided in subsection (c) it is the burden of the employer or his insurance carrier to prove the conditions set out in (b). For a general discussion of this statute, *see Belcher* v. *Holiday Inn*, 43 Ark. App. 157, 868 S.W.2d 87 (1993); *Weyerhaeuser Co.* v. *McGinnis*, 37 Ark. App. 91, 824 S.W.2d 406 (1992); *Cook* v. *ALCOA*, 35 Ark. App. 16, 811 S.W.2d 329 (1991).

Therefore, while there might be evidence which would support the denial of wage-loss disability, the findings set out in the last paragraph of the Commission's decision do not meet the requirements discussed above for sufficient factual findings that will allow us to make a meaningful review of the Commission's decision.

I would reverse and remand to the Commission with directions that it make sufficient findings of fact that will enable us to review those findings and determine if they support the Commission's decision.

Therefore, I dissent from the majority opinion.