

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-17-410

| | |
|---|---|
| STEPHEN WILSON<br><br>                                    APPELLANT<br><br>V.<br><br>RICELAND FOODS, INC., AND<br>ACE AMERICAN INSURANCE<br>COMPANY<br><br>                                    APPELLEES | **Opinion Delivered:** November 29, 2017<br><br>APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION<br><br>[NO. G502370]<br><br>AFFIRMED |

## MIKE MURPHY, Judge

This appeal arises from a workers' compensation claim in which appellant Stephen Wilson injured himself when he tripped and fell while working for appellee Riceland Foods, Inc. (Riceland), on March 23, 2015. Wilson appeals the Arkansas Workers' Compensation Commission's (Commission) determination that (1) he was not entitled to permanent partial-disability benefits in excess of the percentage of his permanent physical impairment and (2) he was employed at wages equal to or greater than his average weekly wage at the time of the accident. We affirm.

Wilson was forty-one years old on March 23, 2015, when, while working as part-time seasonal help for Riceland, he slipped off a rice pod (described by Wilson in his testimony as "like a big old mountain"). He fell ten to twelve feet and landed on his buttocks. A coworker took Wilson to the hospital where it was determined Wilson had fractured his spine at the L1 vertebra in the fall and required surgery. He was in the hospital

for five days, was in a rehabilitation hospital for another three weeks, and required physical therapy for some time after. His testimony at the July 1, 2016 hearing before the administrative law judge (ALJ) was that he still had pain from the accident and required pain medication.

The injury was not controverted. On June 25, 2015, Wilson was cleared to return to light-duty work with restrictions. Wilson's anatomical impairment resulting from the accident was evaluated on January 21, 2016, by Dr. Scott Carle. Dr. Carle concluded that Wilson's anatomical impairment was a 19 percent whole-person impairment. The ALJ accepted this rating and further concluded that Wilson was not entitled to permanent-partial disability benefits in excess of that 19 percent because, since returning to work, Wilson had received a raise from $9.75 per hour to $10 per hour. The Commission adopted the ALJ's opinion.

Wilson now appeals, arguing that the Commission erred in finding that he was employed at wages equal to or greater than his average weekly wage at the time of the accident, and therefore erred in finding he was not entitled to permanent partial-disability benefits in excess of the percentage of his permanent physical impairment.

Under Arkansas law, the Commission is permitted to adopt an ALJ's opinion. *Godwin v. Garland Cty. Landfill*, 2016 Ark. App. 498, at 4, 504 S.W.3d 660, 662. In so doing, the Commission makes the ALJ's findings and conclusions the findings and conclusions of the Commission. *Id*. Therefore, for purposes of our review, we consider both the ALJ's opinion and the Commission's majority opinion. *Id*.

SLIP OPINION

We review Commission decisions to determine whether there is substantial evidence to support them. *Towler v. Tyson Poultry, Inc.*, 2012 Ark. App. 546, at 2, 423 S.W.3d 664, 666. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. *Id.* Where, as here, the Commission denies claims because of the failure to show entitlement to benefits by a preponderance of the evidence, the substantial-evidence standard of review requires that we affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Id.* The Commission is the ultimate arbiter of weight and credibility. *Id.* The Commission has the authority to accept or reject medical opinions, and its resolution of conflicting medical evidence has the force and effect of a jury verdict. *Id.*

Wilson argues that the ALJ erred when it did not award him permanent partial-disability benefits in excess of the 19 percent anatomical-impairment rating.

Arkansas Code Annotated section 11-9-522 (Repl. 2012) provides that when a permanent-partial disability is apportioned to the body as a whole, a claimant shall be paid compensation for the proportionate loss of use. This statute, though, also gives discretion to the Commission to increase that anatomical rating, such that it can even find a claimant totally and permanently disabled based on wage-loss factors. *Id.* The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Emerson Elec. v. Gaston*, 75 Ark. App. 232, 58 S.W.3d 848 (2001). The Commission is charged with the duty of determining disability based on a consideration of medical evidence and other matters affecting wage loss, such as the claimant's age, education, and work

SLIP OPINION

experience. *Whitlach v. Southland Land & Dev.*, 84 Ark. App. 399, 404, 141 S.W.3d 916, 920 (2004).

> The statute goes on to provide, however, that
>
> so long as an employee, subsequent to his or her injury, has returned to work, has obtained other employment, or has a bona fide and reasonably obtainable offer to be employed at wages equal to or greater than his or her average weekly wage at the time of the accident, he or she shall not be entitled to permanent partial disability benefits in excess of the percentage of permanent physical impairment established by a preponderance of the medical testimony and evidence.

Ark. Code Ann. § 11-9-522(b)(2).

Here, the ALJ concluded that Wilson was precluded from additional wage-loss benefits pursuant to this statute, as Wilson had received a raise at Riceland when he returned, even while on light-duty work. Wilson says that simply looking at his hourly rate does not, however, paint a full picture. He argues that ever since his accident, he has been unable to work overtime or do odd jobs like before and that while he did get a raise, he is making less money.

Wilson cites *Cook v. Aluminum Company of America*, 35 Ark. App 16, 811 S.W.2d 329 (1991), for the proposition that to compute an average weekly wage, overtime should be included in the calculation. In *Cook*, the issue on appeal was whether the employer had met the statutory burden of proving the claimant had returned to work after the injury to wages equal to or greater than his average weekly wage at the time of the accident. *Id.* There, the appellant submitted evidence that he was making less money after his accident than he was before, and this court concluded that difference was because the appellant was working less overtime after the accident than he was before. *Id.* Nevertheless, because the appellant did work some overtime when it was offered and because his hourly rate was the

same before and after his injury, this court held that was substantial evidence to bar the appellant from receiving benefits in excess of his permanent physical impairment *Id*.

Here, there was testimony from Wilson that he received a raise upon returning to work. Further, Riceland introduced an exhibit documenting the wages and hours worked by Wilson from August 2014 through May 27, 2016.[1]  That exhibit shows, and the ALJ found, that Wilson has worked consistently since returning from his accident, including working a substantial amount of overtime. Like in *Cook*, substantial evidence supports the ALJ's findings that Wilson is not entitled to permanent partial-disability benefits in excess of the percentage of his permanent physical impairment.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Hunter Law Firm, LLC*, by: *Scott Hunter, Sr.*, for appellant.

*Womack Phelps Puyear Mayfield & McNeil, P.A.*, by: *Mark Mayfield* and *Chuck Gschwend*, for appellees.

---

[1]Wilson argues that this exhibit is "flawed" and "misleading." Wilson, however, failed to object to this exhibit or otherwise argue its shortcomings below. It is the exclusive function of the Commission to weigh the evidence. Beyond that, issues may not be raised on appeal that have not first been raised and decided below. *Hanson v. Amfuel*, 54 Ark. App. 370, 374–75, 925 S.W.2d 166, 169 (1996).