Jacqueline HOLLOWAY *v.* STUTTGART REGIONAL
MEDICAL CENTER, ET AL.

CA 97-1297                                970 S.W.2d 301

Court of Appeals of Arkansas
Division IV
Opinion delivered May 27, 1998
[Petition for rehearing denied July 1, 1998.]

*John P. Lewis, P.A.,* by: *John P. Lewis,* and *Steve Westerfield,*
for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard P.L.L.C.,* by: *L.
Kyle Heffley,* for appellee Stuttgart Regional Medical Center.

*Anderson, Murphy & Hopkins. L.L.P.,* by: *C. Timothy
Spainhour,* for appellee.

JUDITH ROGERS, Judge. This is an appeal from an order of summary judgment dismissing appellant's complaint in negligence based on a finding that appellees owed no duty to protect her from an attack perpetrated by a third person. Because we are unable to address appellant's argument for reversal, we affirm.

On May 4, 1993, the appellant, Jacqueline Holloway, went to the emergency room at appellee Stuttgart Memorial Hospital for treatment of minor injuries she had sustained in an altercation with Barbara Peters, who was also a patient at the emergency room. Appellant was accompanied by her daughter and her niece, who twice sought but were denied permission to enter the treatment room occupied by appellant. Stationed in the emergency waiting room was a security guard, who was armed and in uniform, and who was an employee of appellee Burns International Security Services that was under contract to provide security at the hospital. A woman identifying herself as appellant's mother approached the security guard and asked for permission to see appellant. The guard referred the woman to appellee Debbie Stone, a nurse, who pointed out appellant's treatment room and allowed the woman to enter without escort. This woman, however, was not appellant's mother; she was Kathy Peters, the mother of appellant's combatant, Barbara Peters. The elder Peters entered the treatment room, struck appellant on the head, and proceeded to slash and cut her with a box-cutter knife. Instead of answering appellant's cries for help, the security guard held appellant's niece and daughter at bay in the waiting room. The wounds that were inflicted upon appellant and resulting loss of blood necessitated a stay in the hospital's intensive care unit.

Appellant brought this lawsuit contending that appellees were liable for the injuries she sustained as a result of their failure to use reasonable care to ensure her safety. Appellees filed motions for summary judgment premised on the general rule, taken from *Restatement (Second) of Torts* § 315 (1965), that one is not ordinarily liable for the criminal acts of third persons absent a duty of care arising from a special relationship. Aside from this rule, appellees also relied on the decision in *Boren v. Worthen Nat'l Bank*, 324 Ark. 416, 921 S.W.2d 934 (1996), as authority for their position. In resisting the motions, appellant argued that appellees had assumed a duty of care, as shown by the hiring of a security guard and by restricting access to the treatment room. *See generally*

*Haralson, Adm'x v. Jones Truck Lines*, 223 Ark. 813, 270 S.W.2d 892 (1954). After hearing oral arguments of counsel at a hearing, the trial court granted appellees' motions for summary judgment; this appeal followed.

■ The law of negligence requires as an essential element that the plaintiff show that a duty of care was owed. *Young v. Paxton*, 316 Ark. 655, 873 S.W.2d 546 (1994). The issue of whether a duty exists is always a question of law, not to be decided by a trier of fact. *Hall v. Rental Management, Inc.*, 323 Ark. 143, 913 S.W.2d 293 (1996). If no duty of care is owed, summary judgment is appropriate. *Smith v. Hanson*, 323 Ark. 188, 914 S.W.2d 285 (1996).

■ As her sole point on appeal, appellant contends that she was owed a duty of care by virtue of the special relationship existing between a hospital and its patient. Appellees respond to that argument by contending, as a threshold matter, that this issue is being raised for the first time on appeal. From our review of the record, we must agree that appellees' point is well-taken. Below, appellant argued exclusively that, by their actions, appellees had voluntarily assumed a duty to protect her from the acts of third persons. She did not argue, as she does here, that appellees owed a duty based on the existence of a special relationship. In fact, appellant responded to the motions for summary judgment by stating that when she "walked into the emergency room . . . none of the defendants had any special responsibilities to provide for the security of the plaintiff." In her argument before the court, she further maintained that a duty of care did not rest on the existence of a special relationship. It is a basic rule of appellate procedure that a party cannot change arguments on appeal, *Ball v. Foehner*, 326 Ark. 409, 931 S.W.2d 142 (1996), and we do not address arguments that were not raised below. *Prudential Insurance Co. v. Frazier*, 323 Ark. 311, 914 S.W.2d 296 (1996). We consequently have no choice but to affirm the order of summary judgment without consideration of the issue advanced on appeal. While the question of whether appellees assumed a duty of care raises an interesting point, it is one that we do not reach because appellant has completely abandoned that argument on appeal.

Affirmed.

AREY and BIRD, JJ., agree.