SECOND INJURY FUND *v.* EXXON TIGER MART, INC.

CA 99-459                                   15 S.W.3d 345

Court of Appeals of Arkansas
Division IV
Opinion delivered April 26, 2000

*Judy W. Rudd*, for appellant.

*Friday, Eldredge & Clark*, by: *Betty J. Demory*, for appellee Exxon Tiger Mart, Inc.

*Walmsley & Weaver*, by: *Bill H. Walmsley*, for appellee Patricia A. Fuller.

JOHN MAUZY PITTMAN, Judge. The claimant, Patricia A. Fuller, sustained a compensable back injury while working at a restaurant in 1975. As a result of this injury, the claimant underwent a laminectomy and diskectomy at L4-5 on the right and center, and sustained permanent impairment of 17.5% to the body as a whole. Claimant returned to the workforce and began working for Exxon Tiger Mart, Inc., in August 1991. The claimant again injured her back when she fell while mopping a floor in the course of her employment with Exxon Tiger Mart on June 19, 1993. As a result of her 1993 injury, claimant underwent a lumbar laminectomy and diskectomy at L4-5 on the left and sustained an anatomical impairment of 13% to the body as a whole. After a hearing to determine the extent of claimant's wage-loss disability, and to determine whether such disability was the responsibility of her employer or of the Second Injury Fund, the Commission found that claimant sustained a 37% impairment to her wage-earning capacity attributable to her back condition, and that the Second Injury Fund was liable for those benefits. From that decision, comes this appeal.

For reversal, the Second Injury Fund contends that the Commission erred in finding that the claimant sustained a 37% impairment to her wage-earning capacity; in failing to make a specific finding regarding the claimant's credibility; and in finding that a preexisting disability or impairment combined with claimant's last injury to cause a greater degree of disability.[1] We affirm.

---

[1] The Second Injury Fund made an additional argument concerning the sufficiency of the evidence to support a finding that claimant received a 17.5% permanent anatomical impairment rating for her 1975 injury. Because the Fund conceded in its reply brief that this additional argument is now moot, we do not address it.

■ ■ We first address appellant's arguments concerning the sufficiency of the evidence. In determining the sufficiency of the evidence to support the findings of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we will affirm if those findings are supported by substantial evidence, *i.e.*, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Wal-Mart Stores, Inc. v. Vanwagner*, 63 Ark. App. 235, 977 S.W.2d 487 (1998). The determination of the credibility and weight to be given a witness's testimony is within the sole province of the Commission. *Min-Ark Pallet Co. v. Lindsey*, 58 Ark. App. 309, 950 S.W.2d 468 (1997).

The Commission found that the claimant was entitled to 37% wage-loss disability based on consideration of "all relevant factors," including "the claimant's relatively advanced age, her education and work experience, [and] the nature and extent of her back injury." Viewed in the light most favorable to the Commission's findings, the evidence showed that the claimant was fifty-seven years old at the time of the hearing; that she did not complete high school, but did obtain a G.E.D.; that she previously had been employed as cashier, factory worker, waitress, housekeeper, cook, and day-care aide; that she missed approximately two years of work as the result of her first back injury and had intermittent back and leg problems thereafter, but that after her second injury the claimant now experiences episodes where she is injured in falls caused by her legs giving way, that she has pain in her back and legs to such an extent that she feels unable to work, and that this pain manifests itself when she lifts, bends, stoops, stands, or sits.

■ Appellant asserts that, because there was evidence that claimant's functional-capacity evaluation indicated that she was capable of performing work classified as "medium" by the U.S. Department of Labor, the Commission could not reasonably have found her to have sustained a 37% wage-loss disability. We do not agree. The Commission is not bound to accept the testimony of any witness, even if uncontradicted. *Ester v. National Home Ctrs., Inc.*, 335 Ark. 356, 981 S.W.2d 91 (1998). Although expert opinion, such as that contained in the functional-capacity evaluation performed by the occupational therapist in the present case, is admissible and frequently helpful in workers' compensation cases, it is not

conclusive. *See Weldon v. Pierce Brothers Constr.*, 54 Ark. App. 344, 925 S.W.2d 179 (1996). The Commission has the duty of weighing such evidence as it does any other evidence, and its resolution has the force and effect of a jury verdict. *See Jeter v. B.R. McGinty Mech.*, 62 Ark. App. 53, 968 S.W.2d 645 (1998). In light of the evidence of claimant's physical condition and wage-loss factors, there is substantial evidence to support the Commission's finding of 37% wage-loss disability.

Appellant also asserts that the Commission erred in finding that a preexisting disability or impairment combined with claimant's last injury to cause a greater degree of disability, contending that claimant's testimony that she had a preexisting impairment as a result of her 1975 injury lacked credibility, and that, in any event, there was no substantial evidence to support the finding that claimant's current disability status resulted from a combination of disabilities or impairments from her 1975 and 1993 injuries. We do not agree.

■■ First, although there was in fact a degree of inconsistency in the claimant's testimony regarding her recovery from her 1975 injury, the resolution of such inconsistencies is a matter within the sole province of the Commission, *see Arnold v. Tyson Foods, Inc.*, 64 Ark. App. 245, 983 S.W.2d 444 (1998), and we are bound by the Commission's findings upon such disputed questions of fact. *Tyson Foods v. Disheroon*, 26 Ark. App. 145, 761 S.W.2d 617 (1988). It is the Commission's duty to determine which portion of the testimony it deems worthy of belief and to translate that portion into findings of fact, *see University of Ark. Med. Sciences v. Hart*, 60 Ark. App. 13, 958 S.W.2d 546 (1997), and the Commission's finding of prior disability or impairment in the case at bar is amply supported by claimant's testimony that she experienced difficulties following her 1975 injury that kept her from applying for factory or restaurant work.

■ Second, we note that, in finding that claimant's current disability status resulted from a combination of disabilities or impairments from her 1975 and 1993 injuries, the Commission observed that the earlier injury and surgery were to the same level of the claimant's lumbar spine as the previous injury and surgery, and that claimant's physical limitations increased substantially following her second injury and surgery. As the Commission noted,

the relevant facts of this case are indistinguishable from those presented in *Second Injury Fund v. Furman*, 60 Ark. App. 237, 961 S.W.2d 787 (1998), and we hold that the Commission did not err in finding that claimant's preexisting disability or impairment combined with her last injury to cause a greater degree of disability.

■ Finally, appellant contends that the Commission was obligated under *Patterson v. Frito-Lay*, 66 Ark. App. 159, 992 S.W.2d 130 (1999), to make specific findings with respect to the claimant's credibility. We do not agree that such findings are required. The *Frito-Lay* case, *supra*, imposed no new requirement on the Commission, but instead merely applied the longstanding rules that the Commission may not arbitrarily disregard testimony, and that the Commission's opinion must include a statement of those facts the Commission finds to be established by the evidence in sufficient detail that the truth or falsity of each material allegation may be demonstrated from the findings. *See id.; see also Wright v. American Transp.*, 18 Ark. App. 18, 709 S.W.2d 107 (1986). In the present case, there is no indication that the Commission arbitrarily disregarded any testimony, and its findings regarding the claimant's testimony are apparent from its recitation of those portions of that testimony that it deemed worthy of belief.

Affirmed.

STROUD and HART, JJ., agree.