Jeffrey S. THOMPSON *v.*
WASHINGTON REGIONAL MEDICAL CENTER

CA 00-36 27 S.W.3d 459

Court of Appeals of Arkansas
Division III
Opinion delivered October 4, 2000

*Tolley & Brooks, P.A.*, by: *Jay N. Tolley*, for appellant.

*Bassett Law Firm*, by: *Tod Bassett*, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this workers' compensation case had been employed as a delivery-truck driver by Washington Regional Medical Center for approximately two and one-half years when he was injured in a one-vehicle accident while returning from a delivery on July 16, 1998. He filed a claim for benefits that was denied on the strength of a finding that he failed to prove by a preponderance of the evidence that his injury was compensable. From that decision, comes this appeal.

The Commission found that, at the time of his injury, appellant knew that he was medically restricted from driving because of a seizure disorder but that, when asked by his employer if there was any reason he could not resume driving the company vehicle, appellant said that he knew of no such reason. Appellant argues on appeal that this finding is not supported by substantial evidence, and that the Commission erred as a matter of law in ruling that such a willful false representation of his physical condition would preclude appellant from obtaining workers' compensation benefits under the rule enunciated in *Shippers Transp. v. Stepp*, 265 Ark. 365, 578 S.W.2d 232 (1979).

First, we address the sufficiency of the evidence to support the Commission's findings of fact. In determining the sufficiency of the evidence to support the findings of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we will affirm if those findings are supported by substantial evidence, *i.e.*, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Second Injury Fund v. Exxon Tiger Mart*, 70 Ark. App. 101, 15 S.W.3d 345 (2000). The determination of the credibility and weight to be given a witness's testimony is within the sole province of the Commission. *Id.*

Viewing the evidence, as we must, in the light most favorable to the Commission's findings, the record shows that

appellant suffered a blackout while visiting relatives on May 24, 1998. He was examined by Dr. David Brown on June 1, 1998. Dr. Brown diagnosed appellant's loss of consciousness as a generalized seizure, ordered an MRI, and informed appellant that, because he had experienced a seizure, the law prohibited him from driving for at least one year. Appellant informed his supervisor that he had fainted and that he could not drive until he received the results of some tests. He did not state that he had experienced a seizure, and he did not inform his supervisor that his physician had informed him that he should not drive for one year. Appellant was assigned to other duties for four or five days. Appellant's supervisor then asked appellant if he could drive, and appellant stated that there was no reason why he could not resume driving. Appellant did resume driving and, approximately five weeks later, suffered another seizure while driving the company vehicle, lost consciousness, lost control of the vehicle, and was injured when he struck a tree. Appellant's supervisor testified that, had he known that appellant was restricted from driving, he would not have been allowed to drive. We hold that this constitutes substantial evidence to support the Commission's finding that appellant knowingly misrepresented to his employer that he was not restricted from driving.

■ Next, we address appellant's contention that the Commission erred as a matter of law in ruling that his false representation of his physical condition precluded him from obtaining workers' compensation benefits under *Shippers Transp. v. Stepp, supra.* The *Shippers Transport* case held, in pertinent part, that:

> [W]e are of the view that public policy, in the absence of a clear legislative intent to the contrary, requires the application here of the test as stated in 1B Larson's Workmen's Compensation Law § 47-53:
>
>> The following factors must be present before a false statement in an employment application will bar benefits: (1) the employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury.
>
> *Air Mod Corporation v. Newton,* 215 A.2d 434 (Del. 1965); *Cooper v. McDewitt & Street Company,* 196 S.E.2d 833 (S.C. 1973); *Martinez*

*v. Mechenbier, Inc.*, 56, P.2d 843 (N.M. 1977); *see also City of Homestead, Dade County v. Watkins*, 285 So.2d 394 (Fla. 1973); *Martin Company v. Carpenter*, 132 So.2d 400 (Fla. 1961); *Long v. Big Horn Const. Co.*, 295 P. 750 (Wyo. 1964). The rationale of Larson's rule is demonstrated by the fact that Workmen's Compensation Law requires that the employer must take an employee as it finds him. Employment places on the employer the risks attendant upon hiring a known or unknown infirm employee. Consequently, it is only fair that the appellant employer here have a right to determine a health history before employment of the appellee as a mechanic to avoid the possible liability for an accidental injury, causally related to an infirmity.

Here we think the fair and just policy is to adopt the rule enunciated in Larson, supra, that a false representation as to a physical condition in procuring employment will preclude the benefits of the Workmen's Compensation Act for an otherwise compensable injury if it is shown that the employee knowingly and wilfully made a false representation as to his physical condition, the employer relied upon the false representation, which reliance was a substantial factor in the employment, and there was a causal connection between the false representation and the injury.

*Shippers Transp. v. Stepp*, 265 Ark. at 369, 578 S.W.2d at 233-34 (1979).

 We think that *Shippers Transport* was properly applied in this case. The rule enunciated in *Shippers Transport* is based on considerations of public policy, and has been described as a "common-sense rule made up of a melange of contract, causation, and estoppel ingredients." 3 A. Larson, *Larson's Workers' Compensation Law* § 66.03 (2000). In the present case, the Commission found that appellant was injured after he knowingly performed an activity that was contrary to his medical restrictions, and such behavior has been held to constitute an independent intervening cause relieving the employer of liability. *See Broadway v. B.A.S.S.*, 41 Ark. App. 111, 848 S.W.2d 445 (1993). Furthermore, the doctrine of estoppel is applicable in workers' compensation proceedings if the following elements are established: 1) the party to be estopped must know the facts; 2) he or she must intend that his or her conduct shall be acted upon or must act so that the party asserting the estoppel has a right to believe the other party so intended; 3) the party asserting the estoppel must be ignorant of the true facts; and 4) the party asserting the estoppel must rely on the other party's

conduct to his or her injury. *Southern Hospitalities v. Britain*, 54 Ark. App. 318, 925 S.W.2d 810 (1996). Given the Commission's findings, we think that these elements have been established in the case at bar. Finally, although appellant's misrepresentation was not made in the context of a pre-employment questionnaire, it was made for the purpose of procuring reinstatement to a particular employment activity, driving a delivery vehicle. We find it especially significant that accidents arising out of this employment activity affect not merely the worker and the employer, but also the public at large. Consequently, in keeping with the public policy underlying the rule and in light of the danger posed to the public by the misrepresentation in this case, we hold that the Commission did not err in ruling that appellant's willful false representation of his physical condition precluded him from obtaining workers' compensation benefits under the rule enunciated in *Shippers Transp. v. Stepp, supra.*

Affirmed.

STROUD and NEAL, JJ., agree.