Timothy C. LEE *v.* DR. PEPPER BOTTLING COMPANY

CA 00-1088                                       47 S.W.3d 263

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered May 30, 2001

*Baim, Gunti, Mouser, Robinson & Havner, PLC*, by: *William Kirby Mouser*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Robert L. Henry, III*, and *Richard A. Smith*, for appellee.

JOHN F. STROUD, JR., Chief Judge. Appellant, Timothy C. Lee, appeals from a decision of the Workers' Compensation Commission that denied him benefits for a back injury. We affirm.

Appellant was hired by Dr. Pepper Bottling Company as a driver-delivery person for a bottled-water delivery route. He started work on May 4, 1998. According to appellant, on or about May 6, 1998, he was delivering water to a state building in downtown Little Rock, and he "heard something pop" as he was bending down to unload fifty-pound bottles of water. He stated that he slowed down when he heard the pop, that he did not grab his back or scream, that he did not really know what was wrong, and that he continued to work until quitting time that day and all subsequent

days until he was terminated. He also stated that the pain "did not come on all at once"; that every time he lifted something it got worse; and that he told his immediate supervisor, Jeff Aerosmith, on the day of the incident that he had heard something pop, but did not know what it was. He said that Aerosmith told him he was just sore and that he would be all right. Appellant never told Aerosmith that he was not able to do his job, nor that he wanted to file a workers' compensation claim. He said that he went to the VA Hospital clinic on approximately May 9 and told Aerosmith the next day that he had been to the doctor, was on medication, and was soaking his back. He acknowledged knowing that he was supposed to file a claim if he had a work-related injury, but he waited approximately a year before filing his workers' compensation claim.

Medical records of May 9, 1998, memorialize appellant's attribution of the injury to lifting heavy water bottles at work. The emergency care and treatment medical record provides in pertinent part: "37 year old black male who was lifting heavy water bottles two days ago and pulled something in lower back. Has had pain since then, not relieved by soaking back." The emergency nurse's progress notes of May 9 provide in part: "Chief Complaint — low back pain — lifted heavy object earlier in week, now complaining of lower back pain for the last three to four days." The spine-lumbrosacral series of the same date provide in part: "Clinical history — lifting heavy water jugs and felt pull in his back. Complained of ongoing pain in lumbar area. Report — the vertebral heights, the disc spaces and the pedicles are intact. No definite acute radiographic abnormalities are noted. Diagnostic Code — no code given. Suboptimal film. Abnormal results."

Aerosmith acknowledged that appellant told him during his first week of work that he was having problems with his back and that his back was sore. Aerosmith stated that he asked appellant if he wanted to report an injury, but that he did not ever supply him with a form or tell him where to get one. He did not recall appellant telling him that he was taking aspirin, using a heating pad, or going to the doctor. He stated that he worked closely ·with appellant while he was at Dr. Pepper; that other than the speed with which he worked, he was a good employee; and that the only thing that led to his discharge was that he was too slow. He said appellant worked every day that he was regularly scheduled to be there.

In denying benefits, the Commission affirmed and adopted the decision of the ALJ, including all findings and conclusions therein, which included:

3. The claimant has failed to prove by a preponderance of the evidence, that he sustained an injury arising out of and during the course of his employment with Dr. Pepper Bottling Company.

4. The claimant has failed to prove, by a preponderance of the evidence, that his alleged injury was caused by a specific incident identifiable by time and place of occurrence on May 6, 1998.

5. Claimant has failed to prove, by a preponderance of the evidence, that his need for medical services was directly and causally related to his employment with the respondent/employer.

6. Claimant has failed to prove, by a preponderance of the credible evidence, that his alleged injury resulted in disability within the meaning of the Arkansas Workers' Compensation Laws.

For his first point of appeal, appellant contends that there was no substantial evidence to support the Commission's decision to deny him benefits. We disagree.

■ On appeal, we view the evidence in the light most favorable to the Commission's decision and affirm when that decision is supported by substantial evidence. *Howell v. Scroll Technologies,* 343 Ark. 297, 35 S.W.3d 800 (2001). Substantial evidence exists if reasonable minds could reach the same conclusion. *Id.* Moreover, we will not reverse the Commission's decision unless fair-minded persons could not have reached the same conclusion when considering the same facts. *Id.* Where the Commission denies benefits because the claimant has failed to meet his burden of proof, the substantial-evidence standard of review requires us to affirm if the Commission's decision displays a substantial basis for the denial of relief. *Id.*

Here, the ALJ's decision, which was affirmed and adopted as the Commission's decision, based the entire case upon appellant's credibility, and found in pertinent part:

The record in this case is replete with inconsistencies and contradictions. The Claimant's course of conduct is totally inconsistent with a work-related injury, as well as entitlement to disability benefits. The Claimant worked from May 4 to May 29 without

reporting a specific injury identifiable in time and place of occurrence and without requesting medical treatment. The Claimant did not report any injury, even after he was terminated, and did draw unemployment compensation from November 1998 through March 1999. The Claimant conceded that he was physically able to work at all times so long as he could avoid heavy lifting, which is totally inconsistent with his contentions. The Claimant is presently working at the VA Hospital through a vocational rehabilitation program.

The Claimant maintained that in addition to working under the supervision of Aerosmith, he also worked under the supervision of Humphrey. Aerosmith, the Claimant's supervisor, stated his drivers never worked on the soft drink side of the business and that he worked with the Claimant every day. The health insurance claim forms filled out by the VA are contradictory, reciting both a workers' compensation connection and that the accident was unrelated to his employment.

The record fails to reflect the Claimant was at any time disabled within the meaning of the compensation laws. Even if there was objective evidence of the injury and a period of disability, the record does not support the conclusion that it was the result of a specific event identifiable in time and place of occurrence arising out of Claimant's employment. The claimant's testimony was self-contradictory and even after he heard his back pop, he did not feel any immediate pain at the time.

The determination of the credibility and weight to be given a witness's testimony is within the sole province of the Commission. *Thompson v. Washington Reg. Med. Ctr.,* 71 Ark. App. 126, 27 S.W.3d 459 (2000). There may be substantial evidence to support the Commission's decision, even though we might have reached a different conclusion if we had sat as the trier of fact or heard the case *de novo. Patterson v. Ins. Dep't,* 343 Ark. 255, 33 S.W.3d 151 (2000). Here, we are not convinced that fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission.

For his second point of appeal, appellant contends that lack of notice was not a basis for denying his claim for benefits; and for his third point of appeal, he contends that his acceptance of unemployment benefits was not a bar to his receiving benefits nor an issue of his credibility. We dispose of these issues briefly by merely

pointing out that the Commission's decision did not rely upon either basis in denying appellant's claim.

Affirmed.

PITTMAN, HART, and BAKER, JJ., agree.

NEAL and ROAF, JJ., dissent.

ANDREE LAYTON ROAF, Judge, dissenting. The majority opinion has correctly set out the relevant facts of this case, and I will not repeat them. The ALJ found that this case turned "entirely" upon Timothy Lee's credibility, that the record was "replete" with inconsistencies and contradictions, and that Lee's conduct was "totally inconsistent" with a work-related injury. These "inconsistencies" in essence revolve around Lee's failure to promptly submit a workers' compensation claim for the injury, his decision to seek medical attention from the V.A. hospital, and his filing for and subsequent receipt of unemployment compensation. The ALJ also made much of Lee's testimony that he worked one day on the "soft drink" side with a different supervisor; Aerosmith, Lee's immediate supervisor during the three weeks he worked for Dr. Pepper, testified that Lee worked exclusively in delivering water. However, this so-called discrepancy is equivocal at best because the other supervisor testified at deposition only that he did not remember Lee at all and failed to testify at the hearing before the ALJ.

Neither Lee's failure to give prompt formal notice to Dr. Pepper of his claim nor his receipt of unemployment benefits is a bar to his eligibility for workers' compensation benefits, and the Commission did not deny his claim on either basis. It instead found that Lee's contemporaneous, precise description of the mechanism of his injury found in the medical records at the V.A., and corroborated by his supervisor's testimony, was rendered not credible by Lee's subsequent actions in not pursuing a claim until after the seriousness of his injury was determined. This delay may have been foolish on Lee's part, but it has little bearing on the credibility of these earlier corroborated reports to the V.A. of what was clearly a work-related injury. How this later conduct renders the earlier medical records not credible is beyond my comprehension, and the Commission certainly does not explain it other than to label it "inconsistent."

I am mindful of the fact that it is so well settled as to be axiomatic that it is the function of the Commission to determine the credibility of witnesses and the weight to be afforded their testimony. However, even credibility determinations are not completely insulated from appellate review. Where the Commission errs when it translates the evidence into findings of fact, and the error is expressly relied upon in reaching its decision, the reviewing court must reverse. *Tucker v. Roberts-McNutt, Inc.*, 342 Ark. 511, 29 S.W.3d 706 (2000). Additionally, when fair-minded persons cannot agree that alleged inconsistencies in a claimant's testimony constitute a substantial basis for the denial of workers' compensation benefits, this court will reverse. *Cooper v. Hiland Dairy*, 69 Ark. App. 200, 11 S.W.3d 5 (2000). This is one of those rare cases where a credibility determination cannot and should not be upheld on appeal.

I would reverse and remand this case for award of benefits.

NEAL, J., joins.