Paul Dwain CROMWELL v. UNIVERSITY of ARKANSAS

CA 01-228                                             61 S.W.3d 864

Court of Appeals of Arkansas
Division II
Opinion delivered November 28, 2001
[Petition for rehearing denied January 9, 2002.]

*Tolley & Brooks, P.A.*, by: *Jay N. Tolley*, for appellant.

*Richard S. Smith*, for appellees.

JOHN MAUZY PITTMAN, Judge. The appellant in this workers' compensation case was employed by appellee. Appellant's duties included extensive overseas travel as a fundraiser. Before his first trip to the Middle East, appellant was prescribed Lariam (an anti-malarial drug), and he took that drug over a fourteen-week period beginning in June 1994 and ending in August 1994. Five years later, in August 1999, appellant filed a claim for disability benefits alleging that, as a result of his treatment with the drug Lariam during this period, he sustained a compensable injury in the form of an organic brain disorder. Appellee contested the claim arguing, *inter alia*, that it was time-barred. After a hearing, the Commission found that the date of any potential compensable injuries produced by appellant's Lariam treatments would have been between June 1994 and October 1994, and concluded that appellant's claim was not filed within the two-year period provided for in Ark. Code Ann. § 11-9-702(a)(1)(A) (Repl. 1996). From that decision, comes this appeal.

For reversal, appellant contends that the Commission erred in finding that his claim was barred by section 11-9-702. He argues that his injury had not fully developed by October 1996, and urges us to find that his date of injury was May 1999 when he became unable to continue work. We must affirm.

The running of the statute of limitations is largely a question of fact. *See Young v. Houston Contracting Co.*, 267 Ark. 322, 590 S.W.2d 653 (1979); *see Houston Contracting Co. v. Young*, 271 Ark. 455, 609 S.W.2d 895 (1980). In determining the sufficiency of the evidence to support the factual findings of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we will affirm if those findings are supported by substantial evidence, *i.e.*, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Thompson v. Washington Regional Medical Center*, 71 Ark. App. 126,

27 S.W.3d 459 (2000). The determination of the credibility and weight to be given a witness's testimony is within the sole province of the Commission. *Second Injury Fund v. Exxon Tiger Mart, Inc.*, 70 Ark. App. 101, 15 S.W.3d 345 (2000).

Act 796 of 1993 made numerous changes to Arkansas Workers' Compensation law. By its terms, the Act applies to injuries that occur after July 1, 1993. *See* Acts 1993, No. 796, § 41. Appellant did not begin his Lariam treatment until June 1994, and his claim therefore comes under the provisions of Act 796 of 1993.

Arkansas Code Annotated § 11-9-702(a)(1)(A) provides that a claim for compensation for disability on account of an injury shall be barred unless filed within two years of the compensable injury. Section 11-9-702(a)(1)(B), added by Act 796 of 1993, invalidated a large body of prior caselaw by mandating that, for purposes of § 11-9-702, the date of the compensable injury shall be defined as the date an injury is caused by an accident as set forth in Ark. Code Ann. § 11-9-102(5) (Repl. 1996). *See, e.g., Haygood Limited Partnership v. Whisenant*, 74 Ark. App. 185, 47 S.W.3d 277 (2001) (Roaf, J., concurring). Such an injury is one caused by a specific incident that is identifiable by time and place of occurrence, and which causes physical harm, arises out of and in the course of the employment, and requires medical services or results in disability or death. Ark. Code. Ann. § 11-9-102(5)(A)(i) (Repl. 1996). The 1993 amendment added the stipulation that a latent injury or condition shall not delay or toll the limitations period specified in § 11-9-702(a)(1). Ark. Code Ann. § 11-9-702(g)(1) (Repl. 1996).

In the present case, the Commission's finding was based on evidence that, soon after beginning his course of Lariam treatment and immediately after taking one of the initial doses, appellant began to experience dramatic somatic changes including tunnel vision, weakness tantamount to loss of consciousness, a violent seizure, and what he described as a "shutdown of the body." Appellant stated that he knew something was severely wrong with him and asked his wife to call the doctor who had given him his travel medication. By July 1994, appellant experienced his first instance of disorientation and had become extremely irritable. He could no longer concentrate or perform complex tasks. He continued to take Lariam throughout this period. By October 1994 he was extremely depressed, and by December 1994 he was experiencing panic disorder and suicide ideation in addition to depression. Appellant's supervisor recommended that appellant seek a medical evaluation in the spring of 1996, and he was seen by Dr. Pang in April 1996.

Appellant testified that Dr. Pang looked up Lariam in the Physician's Desk Reference and informed him that Lariam could be the reason for his complaints.

Given the evidence that appellant's injury was caused by the Lariam treatments, that he required medical treatment for a severe reaction almost immediately after beginning those treatments and that his mental symptoms had become severe by October 1994, that the connection between Lariam treatments and his subsequent illness had been discovered prior to October 1996, and the fact that appellant's claim for disability benefits was not filed until August 1999, we cannot say that the Commission erred in finding that appellant's claim was not filed within the two-year period provided for in Ark. Code Ann. § 11-9-702(a)(1)(A) (Repl. 1996).

Affirmed.

STROUD, C.J., and GRIFFEN, J., agree.