Lillie TAYLOR *v.* PRODUCERS RICE MILL, INC.
and Liberty Mutual Insurance Company

CA 04-488                                          202 S.W.3d 565

Court of Appeals of Arkansas
Opinion delivered February 9, 2005

*The Cortinez Law Firm, PLLC,* by: *Robert R. Cortinez, Sr.,* for appellant.

*Rieves, Rubens & Mayton,* by: *Eric Newkirk,* for appellees.

KAREN R. BAKER, Judge. Appellant, Lillie Taylor, appeals the denial of her workers' compensation claim for additional benefits relating to her compensable right-wrist injury. The Administrative Law Judge (ALJ) found that the preponderance of the evidence in this case reflects that appellant's claim for additional benefits is barred, pursuant to Ark. Code Ann. § 11-9-702, as amended. The Workers' Compensation Commission (Commission) adopted and affirmed the opinion of the ALJ and the denial of the claim. Appellant raises two points on appeal. First, she argues that the removal of the prosthetic pin from her wrist was nothing more than a replacement of an apparatus permanently or indefinitely required as a result of a compensable injury, and as a result, the costs and expenses incurred by appellant should have been paid by the employer. Second, appellant argues that problems associated with a prosthetic pin inserted during surgery should be deemed to be a latent injury, one that she did not know was going to occur but which was directly related to her original compensable event, and the Commission's decision that the latent-injury rule no longer applies was an error of law. We reverse and remand to the Commission to consider appellant's claim under the pre-1993 law, which was the law at the time her injury occurred.

On April 24, 1992, appellant sustained a compensable injury to her right wrist. In October 1992, a prosthetic pin was placed in appellant's wrist by Dr. Michael Moore. A ten- percent impairment rating was assigned to her wrist. It was accepted and paid by appellant's employer. It is undisputed that the last payment by appellee was for a medical bill and was paid to Stuttgart Memorial Hospital on March 22, 1994, for services rendered on January 31,

1994. Moreover, temporary total disability benefits were last paid to appellant on January 11, 1994, and permanent partial disability benefits were paid for the time period of May 24, 1993, through July 18, 1993.

In August 2000, however, Dr. Moore removed the pin in appellant's wrist due to complications. In June 2002, appellant's attorney requested an additional hearing before the ALJ. In her brief, appellant made two assertions: 1) the problems that she was now having in the wrist amounted to a recurrence of the original injury and defeated the statute of limitations; and 2) the injuries she currently had were "latent" and were not known until 2000 when she was required to seek additional treatment. Appellee asserted that the claim was barred by the statute of limitations and that this issue was barred by *res judicata*. The Commission and the ALJ found that appellant's claim was barred, and denied benefits. This appeal followed.

The running of the statute of limitations is largely a question of fact. *Cromwell v. University of Arkansas*, 76 Ark. App. 5, 61 S.W.3d 864 (2001) (*citing Houston Contracting Co. v. Young*, 267 Ark. 322, 590 S.W.2d 653 (1979)). In determining the sufficiency of the evidence to support the factual findings of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we will affirm if those findings are supported by substantial evidence, *i.e.,* such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Thompson v. Wash. Reg'l Med. Ctr,* 71 Ark. App. 126, 27 S.W.3d 459 (2000). The determination of the credibility and weight to be given a witness's testimony is within the sole province of the Commission. *Second Injury Fund v. Exxon Tiger Mart, Inc.,* 70 Ark. App. 101, 15 S.W.3d 345 (2000).

■ Appellant's first argument is that the removal of the prosthetic pin from her wrist is nothing more than a replacement of an apparatus permanently or indefinitely required as a result of a compensable injury, and as a result, the costs and expenses incurred by appellant should have been paid by the employer. However, a review of appellant's brief to the ALJ, reveals that appellant failed to argue to the ALJ that the removal of the pin was nothing more than a replacement of an apparatus. What appellant argued to the ALJ was that the issues causing appellant to require surgery were a recurrence of the original injury, and therefore, compensable as an exception to the statute of limitations; however,

this argument is not made on appeal. It is a basic rule of appellate procedure that a party cannot change arguments on appeal, and we do not address arguments that were not raised below. *Holloway v. Stuttgart Reg'l. Med. Ctr,* 62 Ark. App. 140, 970 S.W.2d 301 (1998).

For her second point on appeal, appellant argues that the problems associated with a prosthetic pin inserted during surgery should be deemed to be a latent injury when complications arise in the future that could not have been contemplated at the time of the original surgery; thus, the Commission's decision that the latent-injury rule no longer applies was an error of law.

■ Arkansas Code Annotated section 11-9-702 (Repl. 2002) (Act 796 of 1993) specifically states the following:

> (g)(1) A latent injury or condition shall not delay or toll the limitation periods specified in this section.
>
> (2) However, this subsection shall not apply to the limitation period for occupational diseases specified in subdivision (a)(2) of this section.
>
> (h)(1) The purpose of this section is to provide for a timely hearing on claims for benefits.
>
> (2) The purpose and intent of this section also includes the annulment of any and all case law inconsistent herewith.

It was not until the 1993 amendment that the legislature added the stipulation that a latent injury or condition shall not delay or toll the limitations period specified in § 11-9-702(a)(1). Ark. Code Ann. § 11-9-702(g)(1) (Repl. 1996). Appellee asserts that the Commission was correct in finding that because the Act specifically states that the statute's intent and purpose was to annul any prior case law pertaining to latent conditions tolling the statute of limitations, appellant's second argument is without merit. However, in determining legislative intent, courts observe a strict rule of construction against retroactive operation and indulge in the presumption that the legislature intended statutes, or amendments thereof, enacted by it, to operate prospectively only and not retroactively. *See Estate of Wood v. Ark. Dep't of Human Servs.,* 319 Ark. 697, 894 S.W.2d 573 (1995). A contrary determination will be made where the intention of the legislature to make the statute retroactive is stated in express terms, or

is clearly, explicitly, positively, unequivocally, unmistakably, and unambiguously shown by necessary implication or by terms that permit no other meaning to be annexed to them, and that preclude all question in regard thereto, and leave no reasonable doubt thereof. *Id.* We find no language in the Act that expresses a clear intention that it be applied retroactively; nor do we find that retroactive application of the act is necessarily implied by the Act's language. Therefore, we reverse and remand for the Commission to consider appellant's claim under the law in effect at the time of her injury.

PITTMAN, C.J., and GLOVER, J., agree.