The Honorable Steve Bryles State Senator 514 West Main Street Blytheville, Arkansas 72315-3334
Dear Senator Bryles:
I am writing in response to your request for my opinion on the following question:
 Assuming that the Arkansas Soil and Water Conservation Commission[1] would not object, can the City of Manila terminate a water supply contract between itself and Buffalo Island Regional Water District (BIRWD) on the grounds that the contract is twenty seven (27) years old?
RESPONSE
In my opinion, based on the limited information given, the water supply contract between the City of Manila and BIRWD is contrary to the law of Arkansas, specifically Ark. Code Ann. § 14-234-108(b)(2), and is therefore void.[2] For this reason, I believe that the City of Manila is most likely not obligated to continue performing under the contract. *Page 2 
Ark. Code Ann. § 14-234-108(1) permits a city of the first class, which owns or operates a waterworks system, to sell water at contractual rates to an improvement district created under the laws of the state. The City of Manila is, of course, a city of the first class.[3] It is my understanding that BIRWD is a type of water improvement district known as a regional water distribution district and was created under Ark. Code Ann. § 14-116-101 et seq. in 1979.
Ark. Code Ann. § 14-234-108(b)(1) sets out the requirements for a contract for the sale of water:
 (b)(1) The contract . . . between a municipality of this state and an improvement district created under the laws of this state for the sale and purchase of water, shall be in writing, shall be authorized by ordinances adopted by . . . the governing body of the contracting municipality and by resolution adopted by the board of commissioners of the contracting improvement district, and shall be signed by the mayor of each contracting municipality and by the chairman of the board of each contracting improvement district.
However, assuming that these conditions are met, Ark. Code Ann. § 14-234-108(b)(2) limits the term of the contract to twenty years in most circumstances.[4]
It is a longstanding legal principle that a contract which is statutorily prohibited is void. See, e.g. Compagionette v.McArmick, 91 Ark. 69, 72, 120 S.W. 400, 401 *Page 3 
(1909). In addition, the Arkansas Constitution expressly prohibits cities from passing legislation that is contrary to state law. Ark. Const. Art. 12, § 4.
Accordingly, in the case of City of Lamar v. City of Clarksville, the Arkansas Supreme Court declared a water supply contract with a term of forty years void, stating:
 Section 14-234-108(b)(2) of the Arkansas Code Annotated of 1987, which has been in effect since 1949, authorizes municipalities to sell water to other municipalities and provides that the "contract may be for a term of not exceeding twenty (20) years." The Cities of Clarksville and Hartman had no authority to enter into a contract that was contrary to the general laws of the state. Morrilton v. Comes, 75 Ark. 458, 87 S.W.2d 1024 (1905). A contract by a city that is contrary to the general law of the state is void. Id.
314 Ark. 413, 426, 863 S.W.2d 805, 813 (1993).
Moreover, while your opinion request does not state whether the contract between the City of Manila and BIRWD sets any duration, my predecessor in office opined that if Ark. Code Ann. § 14-234-108 was shown to be applicable to a water supply contract which failed to state a duration then that contract would be, at the least, terminable at the will of either party. See Op. Att'y Gen. 94-028. That opinion went on to state that once the contract at issue had exceeded the statutory limit on duration, it would likely be invalid. Id.
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] The Arkansas Soil and Water Conservation Commission was renamed the Natural Resources Commission in 2005.
[2] This opinion assumes that the statutory provisions cited govern the contract in question. I have not been provided with a copy of the contract at issue and therefore cannot confirm that no other law is selected as governing its provisions. This opinion also assumes that the contract has not been amended or renewed since 1981. A conclusive determination of these issues would require a review of the contract by a finder of fact. This office does not make factual determinations in the issuance of Attorney General opinions.
[3] The facts given do not set out the City of Manila's classification as of 1981, when the contract was entered. It is my understanding that Manila was a city of the first class at that time. If it was not, then the provisions of Ark. Code Ann. § 14-234-108(1) would not apply. An older statute, Ark. Code Ann. § 14-234-203(d), authorizes municipalities "constructing a waterworks system or integral part thereof" to sell water to improvement districts without regard to the classification of the municipality; however, this section contains no time limits for such water supply contracts.
[4] It is true that the present version of the statute contains a "bypass" of the twenty year time limit when "the Arkansas Soil and Water Conservation Commission is involved in the financing and determines that a different form or length of contract would be best in meeting the long-term water supply needs of the contracting parties[;]" however, the version in effect when the contract at issue was signed in 1981 does not contain any such bypass. For this reason, although you stated the assumption that the Arkansas Soil and Water Conservation Commission (the Natural Resources Commission) would not object, it is debatable whether any objection by the Arkansas Soil and Water Conservation Commission (the Natural Resources Commission) would even be relevant. Generally speaking, statutory provisions are not construed as having retroactive effect unless it can be unambiguously shown that the legislature intended retroactivity. See Taylor v. Producers Rice Mill,89 Ark. App. 327, 202 S.W.3d 565 (2005).

 *Page 1