Cite as 2020 Ark. App. 304

# ARKANSAS COURT OF APPEALS
## DIVISION III
**No.** CV-19-554

| | |
|---|---|
| LULA VALENTINE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ISDEE VALENTINE, DECEASED; AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF ISDEE VALENTINE<br><br>APPELLANT<br><br>V.<br><br>SENIOR CARE, INC., DBA OAKDALE NURSING HOME; WHITE COUNTY MEDICAL CENTER; JOHN DOE; AND JOHN AND JANE DOES A–Z<br><br>APPELLEES | **Opinion Delivered:** May 13, 2020<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73CV-16-382]<br><br>HONORABLE THOMAS M. HUGHES, JUDGE<br><br>SUPPLEMENTATION OF ADDENDUM ORDERED |

**PHILLIP T. WHITEAKER, Judge**

Lula Valentine, individually and as personal representative of the estate of Isdee Valentine, deceased, and on behalf of the wrongful death beneficiaries of Isdee Valentine, appeals the order of the White County Circuit Court granting summary judgment to White County Medical Center. However, due to a deficiency in Valentine's brief, we decline to reach the merits of her arguments at this time and order her to provide a supplemental addendum.

In August 2016, Valentine filed a wrongful-death action against Senior Care, Inc., d/b/a Oakdale Nursing Home ("Senior Care"), John Doe, and John and Jane Does A–Z. She subsequently amended her complaint in October 2016 to add White County Medical

Center as a defendant. In August 2017, the circuit court entered an order granting summary judgment in favor of Senior Care. That order is not in our addendum as required by our rules.[1]

Arkansas Supreme Court Rule 4–2(a)(8) requires an appellant to provide an addendum containing those documents in the record on appeal that are "essential for the appellate court to confirm its jurisdiction." Ark. Sup. Ct. R. 4–2(a)(8) (2019). This rule also expressly requires that the addendum contain "any order adjudicating any claim against any party with or without prejudice." Ark. Sup. Ct. R. 4–2(a)(8)(A)(i). The order granting summary judgment and dismissing Valentine's claims against Senior Care is necessary for this court to confirm our jurisdiction and is one of the orders specifically required by Rule 4–2(a)(8) to be included in the addendum. Accordingly, we order Valentine to file a supplemental addendum within seven calendar days of this opinion's date. Ark. Sup. Ct. R. 4–2(b)(4). Valentine should also take this opportunity to ensure that nothing else pertinent to this appeal has been inadvertently omitted from her brief.

Supplementation of addendum ordered.

GLADWIN and BROWN, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Megan D. Hargraves* and *Devin R. Bates*, for appellee.

---

[1]We note that there is also no order dismissing any of the John or Jane Doe defendants. However, Rule 54(b)(5) states that "[a]ny claim against a named but unserved defendant, including a 'John Doe' defendant, is dismissed by the circuit court's final judgment or decree." Ark. R. Civ. P. 54(b)(5) (2019). Because the John and Jane Doe defendants were never served, they were dismissed from the case as a matter of law, and their absence does not affect finality.