Cite as 2020 Ark. App. 565

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-19-554

| | |
|---|---|
| LULA VALENTINE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ISDEE VALENTINE, DECEASED; AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF ISDEE VALENTINE<br><br>APPELLANT<br><br>V.<br><br>WHITE COUNTY MEDICAL CENTER<br><br>APPELLEE | **Opinion Delivered:** December 9, 2020<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73CV-16-382]<br><br>HONORABLE THOMAS M. HUGHES, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Lula Valentine[1] ("Valentine") appeals a White County Circuit Court order granting summary judgment to White County Medical Center ("WCMC") in a medical-malpractice action against the hospital over the death of her mother, Isdee Valentine ("Isdee").[2] The

---

[1]Valentine brought suit individually and as personal representative of the estate of Isdee Valentine, deceased, and on behalf of the wrongful-death beneficiaries of Isdee Valentine.

[2]This is the second time this case has been before us. Previously, we declined to reach the merits of the action because of briefing deficiencies. *Valentine v. Senior Care, Inc.*, 2020 Ark. App. 304, at 1. Those deficiencies have now been corrected.

circuit court granted summary judgment because Valentine had failed to offer expert testimony to support the proximate-cause element of her medical-malpractice claim. On appeal, Valentine argues that the circuit court erred in granting summary judgment because the issue of proximate cause was within the common knowledge of the jury; thus, expert testimony was not required. We disagree and affirm.

On July 1, 2014, eighty-nine-year-old Isdee underwent hip-replacement surgery at WCMC after falling and breaking her hip. After the surgery, her health progressively declined resulting in several hospitalizations at WCMC over the next five months. Medical records indicate that Isdee was suffering from chronic hyponatremia (low sodium), severe terminal-phase Alzheimer's dementia, chronic kidney disease, malnutrition, nonalcoholic steatohepatitis ("fatty liver disease"), and hypertension. In addition, she had a history of recurrent "failure to thrive" pneumonia, tardive dyskinesia (involuntary, repetitive body movements), pleural effusion, and choreoathetoid type responses (abnormal movements of the body). She eventually developed cachexia (a complex syndrome associated with an underlying illness causing ongoing muscle loss that is not entirely reversed with nutritional supplementation) and decubitus ulcers. She ultimately died at the age of ninety on December 4, 2014—five months after her hip-replacement surgery. The death certificate listed the cause of death as acute myocardial infarction with chronic kidney disease, Alzheimer's disease, and moderate degree malnutrition as significant contributing factors to her death.

In August 2016, Valentine filed a wrongful-death action against Senior Care, Inc., d/b/a Oakdale Nursing Home ("Senior Care"), John Doe, and John and Jane Does A–Z.[3] She subsequently amended her complaint in October 2016 to add WCMC as a defendant. In August 2017, the circuit court entered an order granting summary judgment in favor of Senior Care on the basis that the statute of limitations had expired.[4] This left WCMC as the sole remaining defendant because the John and Jane Doe defendants were never identified or served.

In May 2018, WCMC filed a motion for summary judgment alleging that Valentine did not have a medical expert to establish her claim for medical negligence as required by the medical-malpractice act. In support of its motion, WCMC attached a copy of the original complaint, a copy of the amended complaint, and an affidavit by Tammy Gillham, R.N., denying that the nursing care by the nurses at WCMC breached the applicable standard of care.

Valentine responded to the summary-judgment motion, claiming that a moderate degree of malnutrition contributed to Isdee's death; that Isdee had gone twelve days without food in September and October 2014; that her care and medical treatment while at WCMC fell below the applicable standard of care; and that she had an expert witness that would so

---

[3]Valentine's complaint alleged medical negligence, ordinary negligence, civil liability under Arkansas Code Annotated section 16–118–107 (Repl. 2016) (the crime victims' civil-liability statute for felonious conduct), deceptive trade practices and illegal actions against an elderly and disabled person, breach of fiduciary duty, and wrongful death. All of these claims, however, are subsumed into a cause of action for medical malpractice. *See* Ark. Code Ann. § 16-114-213 (Rep. 2016) (Medical malpractice act is the sole remedy with respect to any action for medical injury against a medical care provider.).

[4]Valentine has not appealed the grant of summary judgment as to Senior Care.

testify. In support, she attached Isdee's death certificate; some of Isdee's medical records; an affidavit by Aaron Brown, R.N., attesting that Isdee had gone twelve days without food while in the care of WCMC, which proximately caused her injuries; and an affidavit by Valentine in which Valentine described Isdee's medical care and physical decline after her hip-replacement surgery. Valentine, however, did not argue in her written response that expert-witness testimony was unnecessary to support her claims.

In reply, WCMC noted that the expert witness identified by Valentine to support her claim was a nurse and that, under Arkansas law, nurses could not provide the required expert testimony as to causation in a medical-malpractice action.[5] Accordingly, WCMC argued that Valentine had failed to make a prima facie case for medical negligence and that summary judgment was appropriate.

The court conducted a summary-judgment hearing. At the hearing, Valentine argued that the issue before the court "rest[ed] on whether or not the Affidavit of the expert that we have put forth who is a registered nurse would be sufficient to establish that there was, in fact, causation in this case." Valentine asserted that in light of the posture of this case, there was clear evidence put forth that Isdee's death was caused by the negligence of WCMC. Isdee was suffering from malnutrition, she had gone an extended period of time without food, and malnutrition was listed as a contributing factor on the death certificate. Additionally, nurse Brown had opined that WCMC's allowing Isdee to go an extended period of time without food fell below the applicable standard of care. Valentine argued that

_____

[5]WCMC cited *Neal v. Sparks Regional Medical Center*, 2012 Ark. 328, 422 S.W.3d 116, for this proposition.

4

these facts presented sufficient evidence from which a jury could find that Isdee's death was proximately caused by malpractice without the requirement of an actual physician expert.

WCMC countered that this was not an instance in which the evidence would fall within the common knowledge of the jury thereby relieving the need for expert testimony. WCMC noted that Isdee had a complicated medical history and had been suffering from chronic kidney disease and Alzheimer's disease, both of which are conditions that could have contributed to her malnutrition absent any negligence. Thus, it argued that a qualified medical expert was necessary in this case to link the alleged negligence with the proximate cause of death.

After reviewing the evidence and considering the arguments of counsel, the court entered an order granting summary judgment in favor of WCMC. In doing so, the court found that an expert witness on causation was necessary and that Valentine had failed to present the required expert testimony on causation. Valentine now timely appeals arguing that summary judgment was inappropriate.

Summary judgment is appropriate if no genuine issues of material fact exist for trial. *Neal*, 2012 Ark. 328, at 7, 422 S.W.3d at 120. Once the moving party has demonstrated an entitlement to summary judgment pursuant to Arkansas Rule of Civil Procedure 56, Arkansas law shifts the burden to the nonmoving party, who must show that a genuine issue of material fact remains. *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569, 11 S.W.3d 531, 536 (2000). At this point, the responding party "must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact." *Id.*

Valentine prosecuted a cause of action against WCMC for medical malpractice. As a general rule, a plaintiff must prove medical malpractice by expert testimony. Here, Valentine had the burden of proving three propositions by expert testimony: the applicable standard of care; the medical provider's failure to act in accordance with that standard; and that the failure was the proximate cause of the plaintiff's injuries. Ark. Code Ann. § 16-114-206(a) (Repl. 2016). We have held that a plaintiff's failure to produce the requisite expert testimony demonstrates that no genuine issues of material fact exist and that the defendant is entitled to summary judgment as a matter of law. *Hamilton v. Allen*, 100 Ark. App. 240, 249, 267 S.W.3d 627, 634 (2007).

Here, the circuit court concluded that Valentine had failed to prove proximate causation through the required expert testimony. On appeal, Valentine asserts expert testimony was not necessary to establish causation under the facts of this case. We acknowledge there is an exception to the general rule that expert testimony is required and that under limited circumstances expert testimony is not necessary to establish causation when negligence could be comprehended by a jury as a matter of common knowledge. However, we disagree with Valentine's assertion that this exception applies here.

On appeal, Valentine contends that expert testimony is not required to establish that WCMC's failure to feed Isdee for twelve days would cause damage in the form of "pain, suffering, mental anguish, grief, trauma, loss of enjoyment of life, loss of quality of life, and personal dignity, humiliation, and fright." Valentine, however, did not make this specific argument below or obtain a ruling on it. Instead, she focused on only the wrongful-death allegations—that is, that WCMC's negligence resulted in malnutrition that proximately

6

caused Isdee's death. It is a basic rule of appellate procedure that a party cannot change arguments on appeal and that we will not address arguments that were not raised below. *Holloway v. Stuttgart Reg'l Med. Ctr.*, 62 Ark. App. 140, 970 S.W.2d 301 (1998). Moreover, it is an appellant's responsibility to obtain a ruling to preserve an issue for appeal. *Miller v. Ark. Dep't of Fin. & Admin.*, 2012 Ark. 165, 401 S.W.3d 466. The failure to obtain a ruling on an argument precludes appellate review because there is no order of a lower court on the issue for this court to review on appeal. *Id.* (citing *Pro-Comp Mgmt., Inc. v. R.K. Enters., LLC*, 372 Ark. 190, 272 S.W.3d 91 (2008)). Because the circuit court did not specifically rule on the issue, we are precluded from addressing the merits of Valentine's argument on appeal.

To the extent Valentine's argument questions the necessity of expert testimony as it relates to Isdee's death, we hold that the circuit court did not err in holding that expert testimony was required in this case. First, Isdee had a complex medical history, and she experienced numerous medical conditions, each associated with its own problems and risks. Second, Valentine argues that the failure of WCMC to feed Isdee in September and October subsequently caused her death in December and asserts that a jury could recognize this by exercise of its own common knowledge without the necessity of an expert. We disagree. The interaction between Isdee's numerous conditions, her malnutrition, and the necessity of supplemental-nutrition methods of feeding either by mouth or through other means would not be within common knowledge of a jury. The present facts are, frankly, far more complex than Valentine's argument suggests and do not justify a departure from the general rule that a plaintiff must prove a medical-malpractice claim through expert testimony.

Affirmed.

VIRDEN AND KLAPPENBACH, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by:; *Megan D. Hargraves* and *Devin R. Bates*, for appellee.