J B DRILLING CO. and Silvey Companies *v.*
Arthur (Larry) LAWRENCE

CA 93-335                                           873 S.W.2d 817

Court of Appeals of Arkansas
Division II
Opinion delivered March 30, 1994
[Supplemental Opinion on Denial of Rehearing
May 11, 1994.]

*Daily, West, Core, Coffman & Canfield,* by: *Eldon F. Coffman* and *Douglas M. Carson,* for appellants.

*Bethell, Callaway, Robertson, Beasley & Cowan*, by: *John R. Beasley*, for appellee.

JOHN MAUZY PITTMAN, Judge. Appellants, J B Drilling Company and Silvey Companies, appeal from a decision of the Workers' Compensation Commission which found that appellee was entitled to compensation for an additional 2% permanent physical impairment and for a 15% loss in wage-earning capacity after suffering a recurrence of a prior compensable injury. Appellants contend that the Commission misapplied Ark. Code Ann. § 11-9-522 (1987) in making the 15% wage-loss disability award. We affirm.

Appellee sustained a compensable injury to his back on September 1, 1987, while working for appellant J B Drilling. He subsequently underwent surgery and was assigned an anatomical impairment rating of 15% to the body as a whole by his treating physician. Appellants paid appellee permanent partial disability benefits based on that rating. Appellee neither sought nor received benefits in excess of his percentage of permanent physical impairment at that time, as he returned to work for J B Drilling in January 1988 at essentially the same wages he was receiving before the injury. In August 1989, appellee voluntarily terminated his employment. In December 1989, appellee suffered an exacerbation of the problems associated with his 1987 compensable injury, and a second back surgery was required as a result. Appellee then filed a claim for additional benefits for increased physical impairment and benefits for his loss in earning capacity. Appellee testified that after the second surgery he was more limited than before in how long he could sit or stand, that he could not do any of the jobs he did before, and was no longer able to lift the weights or drive the mileage that had been required by his job with appellant J B Drilling. Medical evidence from appellee's treating physician, Dr. Paul Raby, indicated that appellee's physical condition had worsened after the 1989 incident and resulting second surgery. Dr. Raby attributed a loss in appellee's range of motion to the latter incident and placed restrictions on appellee's bending, stooping, and lifting. Dr. Raby opined that appellee now suffers an anatomical impairment of 17% to the body as a whole, 15% attributable to the September 1987 initial injury and 2% attributable to the December 1989 episode.

The Commission found that appellee had suffered a recurrence of his original compensable injury, and that appellants remained liable therefor. The Commission found, in accordance with Dr. Raby's opinion, that appellee had suffered an additional 2% physical impairment as a result of the recurrence. After discussing appellee's age, education, and limited work experience, together with his present limited physical abilities, the Commission also found that appellee had suffered an additional 15% wage-loss disability. The Commission found that the diminished physical abilities that adversely affected appellee's wage-earning capacity had occurred *after* he had voluntarily left his employment with J B Drilling, and thus concluded that appellants were liable to appellee for an additional permanent partial disability of 17% to the body as a whole (*i.e.*, the 2% additional physical impairment and the 15% wage-loss disability).

On appeal, appellants contend that the Commission erred as a matter of law in making the award of benefits for appellee's loss in earning capacity. Appellants argue that any award for wage-loss disability must be based solely on the 2% anatomical impairment rating associated with the 1989 recurrence. They contend that because appellee returned to work after his initial injury and because he voluntarily terminated that employment, he is absolutely barred from ever having the original 15% anatomical impairment considered in determining the existence or extent of any wage-loss disability. We cannot agree.

Appellants rely on Ark. Code Ann. § 11-9-522(b) and (c)(2). Section 11-9-522(b) (1987) states:

> In considering claims for permanent partial disability benefits in excess of the employee's percentage of permanent physical impairment, the commission may take into account, in addition to the percentage of permanent physical impairment, such factors as the employee's age, education, work experience, and other matters reasonably expected to affect his future earning capacity. *However, so long as an employee, subsequent to his injury, has returned to work, has obtained other employment, or has a bona fide and reasonably obtainable offer to be employed at wages equal to or greater than his average weekly wage at the time of the accident, he shall not be entitled to permanent partial*

*disability benefits in excess of the percentage of permanent physical impairment established by a preponderance of the medical testimony and evidence.* [Emphasis added.]

Section 11-9-522(c)(2) (1987) states in pertinent part:

Included in the stated intent of this section is to enable an employer to reduce or diminish payments of benefits for . . . disability in excess of permanent physical impairment, *which, in fact, no longer exists, or exists because of discharge for misconduct in connection with the work, or because the employee left his work voluntarily and without good cause connected with the work.* [Emphasis added.]

Appellants essentially argue that, under § 11-9-522(b), a claimant who has once returned to work at equal or greater wages is permanently barred from receiving benefits for a loss in earning capacity associated with the injury that gave rise to the initial claim, regardless of whether that renewed employment should cease. However, this is precisely the same interpretation of the statute that we found erroneous in *Belcher* v. *Holiday Inn*, 43 Ark. App. 157, 868 S.W.2d 87 (1993). There, we noted that § 11-9-522(b) prohibits a claimant from receiving wage-loss only "so long as" he has returned to work, obtained other employment, or has a bona fide and reasonable offer of employment. We also noted that the legislature's intent that the bar against wage-loss benefits be other than permanent was implied in the provision for reconsideration of disability rating based on changed circumstances found in § 11-9-522(d).

Appellants' argument under § 11-9-522(c)(2) is similar to the argument made under subsection (b). Appellants contend that subsection (c)(2) serves to bar permanently a claimant from receiving wage-loss disability benefits if subsequent to a compensable injury the claimant voluntarily terminates his employment without good cause connected with the work. We think appellants' interpretation of this subsection is erroneous as well.

Section 11-9-522(c)(2) states that benefits for wage-loss disability are barred thereunder only when such disability "exists . . . because" the claimant left his work voluntarily and without good cause. In other words, a claimant will be barred

from receiving benefits for wage-loss disability under subsection (c)(2) if, but for his voluntary termination of his employment, he would still be employed and thus barred from receiving such benefits because of the provisions of subsection (b). Significantly, appellee neither sought nor received benefits for wage-loss disability for the period between his voluntary termination of employment and the recurrence of his injury. Rather, benefits for wage-loss disability were sought and awarded only for the period after he suffered the recurrence, an intervening event that the Commission found increased appellee's physical impairment and adversely affected his capacity to earn wages. The Commission found that, after the recurrence and resulting second surgery, appellee was incapable of performing the duties of his former employment with appellant J B Drilling; therefore, he would not still be employed in that capacity even had he not voluntarily quit, and is consequently not barred from receiving wage-loss disability benefits by the provisions of subsection (c)(2).

We cannot conclude that the Commission's 15% wage-loss disability award does not comport with Ark. Code Ann. § 11-9-522, and its decision is affirmed.

Affirmed.

ROBBINS and ROGERS, JJ., agree.

### SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
### MAY 11, 1994

*Eldon Coffman*, for appellant.

*John Beasley*, for appellee.

■ JOHN MAUZY PITTMAN, Judge. We recently affirmed an award of benefits to the appellee in this case. *See J B Drilling Co.* v. *Lawrence*, 45 Ark. App. 157, 873 S.W.2d 817 (1994). The appellants have filed a petition for rehearing in which they essentially attempt to reargue the case. This, of course, is an inappropriate subject for a petition for rehearing. Ark. R. Sup. Ct. 2-3(g); *Nard* v. *State*, 304 Ark. 163-A, 801 S.W.2d 634 (1991) (supp. op. on reh'g).

■ However, we feel compelled to respond to that part of appellants' petition in which they argue that "Appellee had the burden of proving . . . that no other job, at equal or higher pay, was available with Appellant [J B Drilling Services]." This is an incorrect statement of the law. Once it was shown that appellee had suffered a recurrence of his compensable injury and as a result could no longer perform the duties of his former job with appellant J B Drilling, which the Commission found to be the case, it was *appellants'* burden to prove appellee's receipt of a bona fide offer to be employed at wages equal to or greater than his average weekly wage at the time of the accident. *See* Ark. Code Ann. § 11-9-522(c)(1) (1987); *Cook* v. *Alcoa*, 35 Ark. App. 16, 811 S.W.2d 329 (1991). However, as appellants concede in their petition, the record is silent regarding the availability and offer of any such job.

Petition for rehearing denied.