SLIP OPINION

Cite as 2014 Ark. App. 586

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-486

| | |
|---|---|
| JOHNSON COUNTY REGIONAL MEDICAL CENTER and RISK MANAGEMENT RESOURCES<br>APPELLANTS<br><br>V.<br><br>FREDDIE DEAN LINDSEY<br>APPELLEE | **Opinion Delivered** October 29, 2014<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. F705511]<br><br>AFFIRMED |

## ROBIN F. WYNNE, Judge

Johnson County Regional Medical Center and Risk Management Resources appeal from a decision of the Arkansas Workers' Compensation Commission in which the Commission awarded Freddie Dean Lindsey additional medical benefits, additional temporary-total disability (TTD) benefits, and wage-loss disability benefits. Appellants argue that appellee's claim for wage-loss disability benefits is barred by statute. Alternatively, they argue that the award of wage loss by the Commission is not supported by substantial evidence. We affirm.

Appellee worked for Johnson County Regional Medical Center as a paramedic. He injured his back on May 20, 2007, as he was attempting to lift a large patient from her bed. An MRI revealed a right-sided disc herniation at L5–S1. He underwent a lumbar diskectomy at L5–S1 in July 2007 that was performed by Dr. Arthur Johnson. Appellee experienced an

exacerbation of his pain following the procedure and was treated with epidural steroid injections. On May 14, 2008, Dr. Johnson stated in a letter that appellee had reached maximum-medical improvement (MMI) and assigned a physical impairment rating of ten percent to the body as a whole. Appellee underwent a functional capacity evaluation (FCE) in June 2008, which revealed that he could perform medium-duty work. Dr. Johnson returned appellee to work at medium duty. At the end of June 2008, the medical center offered appellee a position as a phlebotomist. The duties for that position required continuous standing and walking, lifting and carrying up to thirty pounds, and occasional pushing/pulling up to forty pounds. Appellee refused the position, claiming that he could not perform the duties necessary for the position. After that, the medical center made no further offers of employment to appellee, and appellee did not contact the medical center to inquire about any available positions.

In June 2008, appellee reported a significant increase in back pain while he was attempting to pick plums off a tree. An MRI performed in July 2008 revealed scarring at the site of appellee's surgery. On July 22, 2008, Dr. Johnson recommended that appellee undergo a discogram to determine whether appellee's pain was "diskogenic in nature." Appellee underwent the discogram in November 2008. Dr. D. Luke Knox reported in January 2009 that the discogram provided appellee with 100% relief and that appellee was prepared to go forward with fusion surgery. Dr. Knox performed the surgery on May 28, 2009. Appellee initially reported improvement following the surgery, but reported in January 2010 that some of his back and leg pain had redeveloped. Following another FCE in May 2010, Dr. Knox

cleared appellee to a light classification of work. Dr. Knox also assessed a permanent-physical-impairment rating of fourteen percent to the body as a whole.[1] Due to ongoing issues with pain, Dr. Knox performed a removal of the hardware from the fusion surgery in July 2011.

Appellee underwent a vocational assessment in September 2011, performed by Heather Taylor, a vocational consultant. Based on the assessment, Ms. Taylor concluded that appellee would have options to pursue employment in light-duty positions in the medical field. Ms. Taylor's report states that light duty requires occasional lifting of eleven to twenty pounds, frequent lifting of one to twenty pounds, constant lifting of negligible weight, and frequent standing or walking. Her report included a list of potential jobs, including medical records clerk, medical assistant, medical billing, and medical coding.

The parties held a hearing before an administrative law judge (ALJ) regarding appellee's entitlement to additional medical benefits, additional TTD benefits, and wage-loss disability benefits. Appellee testified that he was fifty-four years old, had a GED, and had completed the paramedic program at the University of Arkansas for Medical Sciences. He worked as a paramedic from 1984 until he was injured on May 20, 2007. He had not worked since his injury. He testified that he was offered a phlebotomist position by the hospital, but maintained that he could not have performed that position because he could not have done the bending and stooping required for the position. The hospital had not offered him any other positions. He had not done anything to look for work. Appellee testified that he could

---

[1]Dr. Knox later added one percent to the rating for a total impairment rating of fifteen percent.

sit up and stand for fifteen to twenty minutes. His back was still hurting as of the time of the hearing. He had also had three heart attacks and a quadruple-bypass surgery since his injury. Appellee testified that he was receiving approximately $1204 per month in social-security disability benefits and had been receiving the benefits for three years.

Maribel Baker, the hospital's assistant administrator of human resources, testified that the phlebotomist position was the only one approved to be offered to appellee. Appellee would have earned the same hourly rate in that position as he had as a paramedic. Appellee was offered the position at the end of June 2008 and refused it without explanation. No other positions were offered to appellee. Heather Taylor testified that she believed there were light-duty and sedentary positions that appellee could perform in the medical field. She did not know how many jobs would be available in his area or if any of the recommended positions would be available at all.

The ALJ issued an opinion in which she found, among other things, that appellee was not entitled to wage-loss disability benefits. Appeal was taken to the Commission, which reversed the decision of the ALJ and awarded appellee wage-loss disability benefits in the amount of thirty percent rated to the body as a whole. This appeal followed.

When reviewing a decision of the Commission, this court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirms the decision if it is supported by substantial evidence. *Patton v. Jim Smith Collision & Wrecker*, 2010 Ark. App. 420. The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if

reasonable minds could reach the Commission's conclusion, we must affirm. *Id.*

Appellants' first argument on appeal is that the Commission erred in holding that wage-loss benefits can be awarded to an employee who refuses a bona fide offer of employment. The Commission is authorized under Arkansas Code Annotated section 11-9-522(b)(1) to consider claims for permanent-partial disability benefits in excess of the employee's percentage of permanent-physical impairment for unscheduled injuries. An injury to the back is unscheduled. According to Arkansas Code Annotated section 11-9-522(b)(2) (Repl. 2012),

> [S]o long as an employee, subsequent to his or her injury, has returned to work, has obtained other employment, or has a bona fide and reasonably obtainable offer to be employed at wages equal to or greater than his or her average weekly wage at the time of the accident, he or she shall not be entitled to permanent partial disability benefits in excess of the percentage of permanent physical impairment established by a preponderance of the medical testimony and evidence.

The Commission agreed with appellants that the offer of the phlebotomist position in 2008 constituted a bona fide job offer for the purposes of section 11-9-522(b)(2). However, appellee's injury necessitated additional surgeries after the job offer was made, and in 2010, he was released to light-duty work. At that point, the duties of the phlebotomist position were outside of his restrictions. No offer of employment was extended to appellee after he was released to light duty.

The prohibition from receiving wage-loss benefits under section 11-9-522(b)(2) remains in effect only so long as the conditions necessitating the bar exist. *See Belcher v. Holiday Inn*, 43 Ark. App. 157, 868 S.W.2d 87 (1993). In this case, the bar was the bona fide offer of employment. We have previously stated that an employee must be capable of

performing the required job activities in order for the proposed position to be considered a bona fide offer of employment. *Wal-Mart Associates, Inc. v. Keys*, 2012 Ark. App. 559, at 8, 423 S.W.3d 683, 688. When appellee's condition worsened, and his duty classification changed, the offer of employment as a phlebotomist was no longer a bona fide offer for the purposes of section 11-9-522(b)(2). Despite appellants' contention to the contrary, the Commission did not find that they were required to extend numerous offers of employment. There simply had to be a bona fide offer of employment to appellee for the bar to receiving wage-loss benefits to remain in place. Likewise, appellants' contention that the Commission required them to extend an offer of employment after the final impairment rating was issued is without merit, as the Commission's decision only required them to extend a job offer that fit within appellee's restrictions in order for that position to constitute a bona fide offer of employment. Once there was no longer a bona fide offer of employment on the table, appellee was no longer barred from receiving wage-loss disability benefits under section 11-9-522(b)(2).[2] *See JB Drilling Co. v. Lawrence*, 45 Ark. App. 157, 873 S.W.2d 817 (holding that a claimant was not barred from receiving wage-loss benefits, despite the fact that he voluntarily quit his position with the employer, because his condition worsened, resulting in his being unable to perform his previous job duties). Therefore, the Commission did not err by finding that appellee was not barred from receiving wage-loss benefits.

Appellants' second argument is that the Commission's award of wage-loss disability

---

[2]Appellants also assert that Arkansas Code Annotated section 11-9-526 would bar benefits. The Commission did not rule on this argument, precluding consideration of it on appeal. *Qualserv Corp. v. Rich*, 2011 Ark. App. 548.

benefits is not supported by substantial evidence. The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Drake v. Sheridan Sch. Dist.*, 2013 Ark. App. 150. When determining wage-loss disability, the Commission should consider, in addition to medical evidence, the claimant's age, education, experience, and other factors affecting wage loss. *Id.* Other factors may include, but are not limited to, motivation to return to work, post-injury earnings, credibility, and demeanor. *Id.* A lack of interest in pursuing employment impedes the assessment of the claimant's loss of earning capacity, although it is not a complete bar. *Id.* The Commission may use its own superior knowledge of industrial demands, limitations, and requirements in conjunction with the evidence to determine wage-loss disability. *Id.*

Here, the evidence before the Commission was that appellee was a fifty-four-year-old man with a GED whose only additional education was a paramedic program. He had worked as a paramedic for twenty-three years before he was injured. He was unable to perform his duties as a paramedic after his injury. While the Commission noted that appellee did not appear motivated to return to work, that is but one factor among several others for the Commission to consider. Appellants also point to the transferrable skills they assert would allow appellee to resume working. That evidence was before the Commission to consider in determining the extent of appellee's wage loss. The Commission weighed the wage-loss factors and determined that appellee sustained wage-loss in the amount of thirty percent. We hold that this finding is supported by substantial evidence of record.

Affirmed.

GLADWIN, C.J., and PITTMAN, J., agree.

*Friday, Eldredge & Clark, LLP*, by: *Guy Alton Wade* and *Phillip M. Brick, Jr.*, for appellants.

*McKinnon Law Firm*, by: *Laura J. McKinnon* and *Kristopher A. Ramsfield*, for appellee.